Dale M. Cendali
Claudia Ray
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Fax: (212) 446-4948
dale.cendali@kirkland.com
claudia.ray@kirkland.com

Allison W. Buchner (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
2049 Century Park East, Suite 3700
Los Angeles, CA 90067
Telephone: (310) 552-4302
allison.buchner@kirkland.com

*Attorneys for Defendant Meta Platforms, Inc.*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| METAx LLC, | Case No. 1:22-cv-06125-LSS |
| Plaintiff, | ECF Case |
| - against - | **DEFENDANT'S ANSWER TO COMPLAINT** |
| META PLATFORMS, INC., | |
| Defendant. | |

Defendant Meta Platforms, Inc. ("MPI"), by and through the undersigned counsel, hereby submits its answer to the Complaint in this action as follows:

## NATURE OF THE ACTION

1.      Denied.

2.      MPI admits that it announced that it was changing its name to "Meta" on October 28, 2021 and that it is a social media company that offers, amongst other products, augmented and virtual reality hardware and software.  MPI denies the remaining allegations in Paragraph 2.

3.      Denied.

4.      MPI lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 4 of the Complaint and on that basis denies each and every one of the allegations set forth therein.

5.      Denied.

6.      MPI admits that Plaintiff sent MPI the letter attached to the Complaint as Exhibit K on December 2, 2021, and admits that in response, MPI sent the letter identified as Exhibit L to the Complaint, in which MPI explained that there is no likelihood of confusion between the parties' respective marks because, *inter alia*, the parties offer "drastically different goods and services." *See* ECF Nos. 1-11 & 1-12.  The remaining allegations in Paragraph 6 consist of legal conclusions or argument to which no response is required.  To the extent that any response is required, MPI denies the remaining allegations.

7.      MPI admits that MPI engaged in discussions with Plaintiff from December 2021 to June 2022. The remaining allegations in Paragraph 7 consist of legal conclusions or argument to which no response is required.  To the extent that any further response is required, MPI denies the remaining allegations.

8.      MPI lacks knowledge or information sufficient to form a belief as to Plaintiff's business operations alleged in this paragraph and denies the allegations on those grounds and on the basis that Paragraph 8 contains argument to which no response is required.  MPI further states that it denies that its business is the same as that of Plaintiff.

9.      Denied.

10.     The allegations in Paragraph 10 consist of legal conclusions or argument to which no response is required.  To the extent that any response is required, MPI denies the allegations.

11.     The allegations in Paragraph 11 consist of legal conclusions or argument to which no response is required.  To the extent that any response is required, MPI denies the allegations.

## PARTIES

12.     MPI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 12.

13.     Admitted.

## JURISDICTION AND VENUE

14.     Admitted.

15.     Admitted.

16.     MPI does not challenge that this Court has personal jurisdiction over it for purposes of this action only to promote judicial economy.  The remaining allegations consist of legal conclusions or argument to which no response is required.  To the extent any further response is required, MPI denies the remaining allegations in Paragraph 16.

17.     MPI does not challenge that venue is proper in this District for purposes of this action only to promote judicial economy.  The remaining allegations consist of legal conclusions or argument to which no response is required.  To the extent any response is required, MPI denies the remaining allegations in Paragraph 17.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

18.     MPI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 18 and denies the allegations on those grounds.

19.     MPI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 19 and denies the allegations on those grounds.

20.     MPI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 20 and denies the allegations on those grounds.

21.     MPI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 21 and denies the allegations on those grounds.

22.     MPI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 22 and denies the allegations on those grounds and on the basis that Paragraph 22 contains legal conclusions or argument to which no response is required.

23.     MPI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 23 and denies the allegations on those grounds and on the basis that Paragraph 23 contains legal conclusions or argument to which no response is required.

24.      MPI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 24 and denies the allegations on those grounds and on the basis that Paragraph 24 contains legal conclusions or argument to which no response is required.

25.     Admitted.

26.     MPI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 26 and denies the allegations on those grounds.

27.     MPI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 27 and denies the allegations on those grounds.

28.     MPI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 28 and denies the allegations on those grounds.

29.     MPI admits that Plaintiff owns the trademark registrations attached as Exhibit A to the Complaint.  MPI lacks knowledge or information sufficient to form a belief as to the truth

or falsity of the remaining allegations in Paragraph 29 and denies the allegations on those grounds.

30.     Paragraph 30 contains only Plaintiff's characterizations of its complaint, and thus no response is required.  To the extent that a response is required, MPI denies the allegations in Paragraph 30.

31.     Paragraph 31 contains only Plaintiff's characterizations of its complaint, and thus no response is required.  To the extent that a response is required, MPI denies the allegations in Paragraph 31.

32.     MPI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 32 and denies the allegations on those grounds and on the basis that Paragraph 32 contains legal conclusions or argument to which no response is required.

33.     Denied.

34.     MPI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 34 and denies the allegations on those grounds.

35.     MPI admits that it rebranded in October 2021.  MPI lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 35 and denies the allegations on those grounds and on the basis that Paragraph 35 contains legal conclusions or argument to which no response is required.

36.     Denied.

37.     MPI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 37 and denies the allegations on those grounds.

38.     MPI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 38 and denies the allegations on those grounds.

39.     MPI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 39 and denies the allegations on those grounds.

40.     MPI admits that Plaintiff's website contains the images depicted in Figure 1 of the Complaint.  MPI lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 40 and denies the allegations on those grounds.

41.     MPI admits that Plaintiff's website contains the images depicted in Figure 2 of the Complaint.  MPI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 41 and denies the allegations on those grounds.

42.     MPI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 42 and denies the allegations on those grounds.

43.     MPI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 43 and denies the allegations on those grounds.

44.     MPI admits that the webpage at https://meta.is/about includes the headings "Clients" and "Collaborators" and lists some of the company names included in Paragraph 44. MPI otherwise lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 44 and denies the allegations on those grounds.

45.     MPI admits that the webpage at https://meta.is/about includes the heading "Press" and that the Complaint includes Exhibit B, which appear to be excerpts of some of the items listed in Paragraph 45.  MPI otherwise lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 45 and denies the allegations on those grounds.

46.     MPI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 46 and denies the allegations on those grounds.

47.     MPI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 47 and denies the allegations on those grounds.

48.     MPI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 48 and denies the allegations on those grounds.

49.     MPI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 49 and denies the allegations on those grounds.

50.     MPI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 50 and denies the allegations on those grounds.

51.     MPI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 51 and denies the allegations on those grounds.

52.     MPI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 52 and denies the allegations on those grounds.

53.     MPI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 53 and denies the allegations on those grounds.

54.     MPI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 54 and denies the allegations on those grounds.

55.     MPI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 55 and denies the allegations on those grounds.

56.     MPI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 56 and denies the allegations on those grounds.

57.     MPI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 57 and denies the allegations on those grounds.

58.     MPI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 58 and denies the allegations on those grounds.

59.     MPI admits that there is an xCOLLECTION section of Plaintiff's website located at https://meta.is/xcollection/ and further states that page describes xCollection as "a curated set of interactive experiences."  MPI otherwise lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 59 and denies the allegations on those grounds.

60.     MPI admits that Exhibit C to the Complaint appears to be materials from Plaintiff's website that purport to describe "the DOME POD."  MPI otherwise lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 60 and denies the allegations on those grounds.

61.     MPI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 61 and denies the allegations on those grounds.

62.     MPI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 62 and denies the allegations on those grounds and on the basis that Paragraph 62 contains legal conclusions or argument to which no response is required.

63.     MPI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 63 and denies the allegations on those grounds.

64.     MPI admits that Exhibit D to the Complaint purports to be a September 28, 2021 "email blast" that includes the words quoted in Paragraph 64.  MPI otherwise lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 64 and denies the allegations on those grounds.

65.     MPI admits that it announced that it was changing its name to "Meta" on October 28, 2021.  MPI denies the remaining allegations in Paragraph 65.

66.     Denied.

67.     Denied.

68.     Admitted.

69.     Denied.

70.     MPI admits that it held a one-day virtual event called "Connect" in 2021 that related to augmented and virtual reality technology.  MPI denies the remaining allegations in Paragraph 70.

71.     MPI admits that its October 28, 2021 press release contains the statements quoted in Paragraph 71, but denies that Plaintiff's characterization of the document is complete or accurate.  MPI denies the remaining allegations in Paragraph 71.

72.     MPI admits that its December 31, 2021 Form 10-K, which is attached as Exhibit F to the Complaint, contains the statements quoted in Paragraph 72, but denies that Plaintiff's characterization of the document is complete or accurate.  MPI denies the remaining allegations in Paragraph 72.

73.     MPI admits that the quoted portions of Paragraph 73 are in the transcript from MPI's October 25, 2021 Earnings Call, attached as Exhibit G to the Complaint, but denies that Plaintiff's characterization of the document is complete or accurate.  MPI denies the remaining allegations in Paragraph 73.

74.     MPI admits that the article attached as Exhibit H to the Complaint contains the quotes stated in Paragraph 74, but denies that Plaintiff's characterization of the document is complete or accurate.  MPI denies the remaining allegations in Paragraph 74.

75.     MPI admits that it uses the name "Meta" to bring together its apps and technologies under one company brand and admits that Figure 4 reflects a screenshot from MPI's website.  MPI denies the remaining allegations in Paragraph 75.

76.     MPI admits that it has acquired trademark rights in certain meta-formative marks. MPI denies the remaining allegations in Paragraph 76.

77.     MPI admits that it rebranded as Meta beginning in October 2021.  The remainder of Paragraph 77 consists of argument to which no response is required.  To the extent that any response is required, MPI denies the allegations.

78.     MPI admits that it has acquired trademark rights in certain meta-formative marks, including without limitation marks previously owned by Meta Financial Group, and that Exhibit I includes the article cited in Paragraph 78.  MPI denies the remaining allegations in Paragraph 78.

79.     Paragraph 79 consists of legal conclusions or argument to which no response is required.  To the extent that any response is required, MPI denies the allegations.

80.     Denied.

81.     Denied.

82.     MPI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 82 and denies the allegations on those grounds.

83.     MPI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 83 and denies the allegations on those grounds.

84.     MPI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 84 and denies the allegations on those grounds.

85.     MPI admits that Exhibit J to the Complaint includes the article cited in Paragraph 85.  MPI otherwise lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 85 and denies the allegations on those grounds.

86.     Denied.

87.     MPI admits that Plaintiff sent it a letter on December 2, 2021 and that the letter is attached as Exhibit K to the Complaint.  The contents of that letter and the remainder of Paragraph 87 consist of legal conclusions or argument to which no response is required.  To the extent that a response is deemed required, MPI denies the allegations.

88.     MPI admits that it responded to Plaintiff's letter on December 17, 2021 with the letter attached to the Complaint as Exhibit L and admits that the letter contains the language quoted in Paragraph 88, including noting that there is no likelihood of confusion between the parties' marks because, *inter alia*, the parties offer "drastically different goods and services." MPI denies the remaining allegations in Paragraph 88.

89.     MPI admits that it held a "Creator House" event at SXSW on March 18 and 19, 2022.  MPI denies the remaining allegations in Paragraph 89.

90.     MPI admits that the article appended to the Complaint as Exhibit N contains the quoted statements in Paragraph 90, but denies that Plaintiff's characterization of the document is complete or accurate.

91.     Denied.

92.     MPI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 92 and denies the allegations on those grounds.

93.     MPI admits that Lady PheØnix participated in a panel at Creator House in March 2022. MPI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 93 and denies the allegations on those grounds.

94.     MPI admits that it partnered with Rolling Stone to hold "Rolling Stone Live" at the ARRIVE Hotel in Palm Springs on April 16, 2022.  MPI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 94 and denies the allegations on those grounds.

95.     MPI admits that the article appended to the Complaint as Exhibit Q contains the quoted statements in Paragraph 95, but denies that Plaintiff's characterization of the document is complete or accurate.  MPI admits the remaining allegations in Paragraph 95.

96.     MPI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 96 and denies the allegations on those grounds.

97.     MPI admits that it partnered with the Smithsonian to present "FUTURES x Meta: Moonwalk" in May and June 2022.  MPI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 97 and denies the allegations on those grounds.

98.     MPI admits that it worked with Balenciaga, Prada, and Thom Browne to allow consumers to purchase those fashion brands' clothes for their avatars within MPI's existing social technology platforms.  MPI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 98 and denies the allegations on those grounds.

99.     MPI admits that in June 2022, it hosted activities at Cannes Lions, including those named in Paragraph 99.  MPI further states that Plaintiff's characterizations of those activities

constitute argument to which no response is required, and to the extent any response is required, MPI denies the allegations on that basis.

100.   MPI denies that the events it presented are identical to Plaintiff's events.  MPI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 100 and denies the allegations on those grounds.

101.   Paragraph 101 consists of legal conclusions or argument to which no response is required.  To the extent that any response is required, MPI states that it maintains its position as stated in its December 17, 2021 letter attached as Exhibit L to the Complaint.

102.   Denied.

103.   MPI denies that the creators and consumers targeted by MPI are identical to those targeted by Plaintiff.  MPI admits that Exhibit R reflects a transcript from MPI's Fourth Quarter 2021 Results Conference Call and that the transcript contains the quotes in Paragraph 103, but denies that Plaintiff's characterization of the transcript is accurate or complete.

104.   MPI admits that it published the two webpages cited in Paragraph 104 and denies the remaining allegations in Paragraph 104.

105.   MPI admits that it created the Instagram account for @metaopenarts and uses the hashtag, #metacurated.  MPI denies the remaining allegations in Paragraph 105.

106.   MPI admits that the @metaopenarts account biography on Instagram includes the language quoted in Paragraph 106.  MPI denies the remaining allegations in Paragraph 106.

107.   MPI admits that it held an event called "Black Creator Day" in June 2022 and that the event included virtual and augmented reality experiences.  MPI denies the remaining allegations in Paragraph 107.

108.   Admitted.

109.   MPI admits that Exhibit S to the Complaint includes a June 21, 2022 social media post by Mark Zuckerberg that includes the quoted material in Paragraph 109, but denies that Plaintiff's characterization is accurate.

110.   Denied.

111.   Paragraph 111 consists of a legal conclusion or argument to which no response is required.  To the extent that any response is required, MPI denies the allegations.

112.   Paragraph 112 consists of a legal conclusion or argument to which no response is required.  To the extent that any response is required, MPI denies the allegations.

113.   MPI admits that it uses Meta as a corporate name and source identifier for its goods and services.  MPI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 113 and denies the allegations on those grounds.

114.   Denied.

115.   Denied.

116.   Denied.

117.   Denied.

118.   Denied.

119.   Denied.

120.   Denied.

121.   MPI admits that the document included as Exhibit T to the Complaint includes the quoted language, but denies that Plaintiff's characterization is accurate or complete and denies the remaining allegations in Paragraph 121 on that basis and because Paragraph 121 includes a legal conclusion or argument to which no response is required.

122.    Denied.

123.    Denied.

124.    MPI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 124 and denies the allegations in Paragraph 124 on that basis.

125.    MPI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 125 and denies the allegations in Paragraph 125 on that basis.

126.    MPI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 126 and denies the allegations in Paragraph 126 on that basis.

127.    Paragraph 127 consists of a legal conclusion or argument to which no response is required.  To the extent that any response is required, MPI denies the allegations.

128.    Paragraph 128 consists of a legal conclusion or argument to which no response is required.  To the extent that any response is required, MPI denies the allegations.

129.    Paragraph 129 consists of a legal conclusion or argument to which no response is required.  To the extent that any response is required, MPI denies the allegations.

130.    Paragraph 130 consists of a legal conclusion or argument to which no response is required.  To the extent that any response is required, MPI denies the allegations.

131.    Paragraph 131 consists of legal conclusions or argument to which no response is required.  To the extent that any response is required, MPI denies the allegations.

132.    Denied.

133.    Denied.

## FIRST CLAIM
## FEDERAL TRADEMARK INFRINGEMENT
### 15 U.S.C. § 1114

134.    MPI reasserts and incorporates herein by reference its responses to the preceding Paragraphs of the Complaint as if fully set forth herein.

135.    Paragraph 135 consists of a legal conclusion or argument to which no response is required.  To the extent that a response is required, MPI denies the allegations.

136.    Admitted.

137.    Paragraph 137 consists of a legal conclusion or argument to which no response is required.  To the extent that any response is required, MPI denies the allegations and expressly denies that its use of its Meta mark is likely to cause confusion with Plaintiff.

138.    Paragraph 138 consists of a legal conclusion or argument to which no response is required.  To the extent that a response is required, MPI denies the allegations and expressly denies that it has infringed any trademark owned by Plaintiff.

139.    Paragraph 139 consists of a legal conclusion or argument to which no response is required.  To the extent that a response is required, MPI denies the allegations and expressly denies that its use of its Meta mark has damaged Plaintiff.

140.    Paragraph 140 consists of a legal conclusion or argument to which no response is required.  To the extent that a response is required, MPI denies the allegations and expressly denies that its use of its Meta mark has damaged Plaintiff.

141.    Paragraph 141 consists of a legal conclusion or argument to which no response is required.  To the extent that a response is required, MPI denies the allegations and expressly denies that Plaintiff is entitled to any relief whatsoever.

142.    Paragraph 142 consists of a legal conclusion or argument to which no response is required.  To the extent that a response is required, MPI denies the allegations and expressly denies that Plaintiff is entitled to any relief whatsoever.

143.    Paragraph 143 consists of a legal conclusion or argument to which no response is required.  To the extent that a response is required, MPI denies the allegations and expressly denies that Plaintiff is entitled to any relief whatsoever.

144.    Paragraph 144 consists of a legal conclusion or argument to which no response is required.  To the extent that a response is required, MPI denies the allegations and expressly denies that it has infringed any trademark owned by Plaintiff.

145.    Denied.

146.    Paragraph 146 consists of a legal conclusion or argument to which no response is required.  To the extent that a response is required, MPI denies the allegations and expressly denies that Plaintiff is entitled to any relief whatsoever.

## SECOND CLAIM
### FEDERAL UNFAIR COMPETITION
### 15 U.S.C. § 1125(a)

147.    MPI reasserts and incorporates herein by reference its responses to the preceding Paragraphs of the Complaint as if fully set forth herein.

148.    Paragraph 148 consists of a legal conclusion or argument to which no response is required.  To the extent that a response is required, MPI denies the allegations.

149.    Paragraph 149 consists of a legal conclusion or argument to which no response is required.  To the extent that a response is required, MPI denies the allegations and expressly denies that its use of its Meta mark is likely to cause confusion with Plaintiff.

150.     Paragraph 150 consists of a legal conclusion or argument to which no response is required.  To the extent that a response is deemed required, MPI denies the allegations and expressly denies that it has appropriated any trademark right owned by Plaintiff.

151.     Paragraph 151 consists of a legal conclusion or argument to which no response is required.  To the extent that a response is required, MPI denies the allegations and expressly denies that its use of its Meta mark is likely to cause confusion with Plaintiff.

152.     Paragraph 152 consists of a legal conclusion or argument to which no response is required.  To the extent that a response is required, MPI denies the allegations.

153.     Paragraph 153 consists of a legal conclusion or argument to which no response is required.  To the extent that a response is deemed required, MPI denies the allegations and expressly denies that its use of its own Meta mark infringes any trademark rights owned by Plaintiff or constitutes unfair competition.

154.     Paragraph 154 consists of a legal conclusion or argument to which no response is required.  To the extent that a response is required, MPI denies the allegations and expressly denies that Plaintiff is entitled to any relief whatsoever.

155.     Paragraph 155 consists of a legal conclusion or argument to which no response is required.  To the extent that a response is required, MPI denies the allegations and expressly denies that Plaintiff is entitled to any relief whatsoever.

156.     Paragraph 156 consists of a legal conclusion or argument to which no response is required.  To the extent that a response is required, MPI denies the allegations.

157.     Paragraph 157 consists of a legal conclusion or argument to which no response is required.  To the extent that a response is required, MPI denies the allegations and expressly denies that Plaintiff is entitled to any relief whatsoever.

158.     Paragraph 158 consists of a legal conclusion or argument to which no response is required.  To the extent that a response is required, MPI denies the allegations and expressly denies that Plaintiff is entitled to any relief whatsoever.

159.     Paragraph 159 consists of a legal conclusion or argument to which no response is required.  To the extent that a response is required, MPI denies the allegations and expressly denies that Plaintiff is entitled to any relief whatsoever.

## THIRD CLAIM
## NEW YORK COMMON LAW UNFAIR COMPETITION AND NEW YORK GENERAL BUSINESS LAW § 360-O

160.     MPI reasserts and incorporates herein by reference its responses to the preceding Paragraphs of the Complaint as if fully set forth herein.

161.     Paragraph 161 consists of a legal conclusion or argument to which no response is required.  To the extent that a response is required, MPI denies the allegations.

162.     Denied.

163.     MPI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 163 and on that basis denies the allegations in Paragraph 163.

164.     Paragraph 164 consists of a legal conclusion or argument to which no response is required.  To the extent that a response is required, MPI denies the allegations and expressly denies that it has infringed any trademark right owned by Plaintiff.

165.     Paragraph 165 consists of a legal conclusion or argument to which no response is required.  To the extent that a response is required, MPI denies the allegations.

166.     Paragraph 166 consists of a legal conclusion or argument to which no response is required.  To the extent that a response is required, MPI denies the allegations.

167.    Paragraph 167 consists of a legal conclusion or argument to which no response is required.  To the extent that a response is required, MPI denies the allegations.

168.    Denied.

169.    Denied.

170.    Paragraph 170 consists of a legal conclusion or argument to which no response is required.  To the extent that a response is required, MPI denies the allegations and expressly denies that its use of its own Meta mark has harmed Plaintiff.

171.    Paragraph 171 consists of a legal conclusion or argument to which no response is required.  To the extent that a response is required, MPI denies the allegations and expressly denies that Plaintiff is entitled to any relief whatsoever.

172.    Paragraph 172 consists of a legal conclusion or argument to which no response is required.  To the extent that a response is required, MPI denies the allegations and expressly denies that Plaintiff is entitled to any relief whatsoever.

173.    Denied.

174.    Paragraph 174 consists of a legal conclusion or argument to which no response is required.  To the extent that a response is required, MPI denies the allegations and expressly denies that Plaintiff is entitled to any relief whatsoever.

## <u>RESPONSE TO PLAINTIFF'S PRAYER FOR RELIEF</u>

MPI denies that Plaintiff is entitled to judgment in its favor or to the relief requested in the Complaint.  MPI further denies all liability in this case and denies that Plaintiff is entitled to any relief whatsoever.

## GENERAL DENIAL

MPI further denies each and every allegation in the Complaint to which it has not specifically responded.  Plaintiff's request for relief should be denied in its entirety and the Complaint dismissed with prejudice, and Plaintiff take nothing.  MPI reserves the right to amend its answer as additional information becomes available.

## AFFIRMATIVE DEFENSES

Pursuant to Federal Rules of Civil Procedure 8(b) and (c), MPI asserts the following separate and distinct defenses and affirmative defenses to the Complaint.  By setting forth these defenses, MPI does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiff.  Nothing herein is intended or shall be construed as an admission that any particular issue or subject matter is relevant to Plaintiff's allegations.  MPI has not knowingly and intentionally waived any applicable defenses, and hereby reserves all rights to assert and rely upon other defenses and affirmative defenses that become available as discovery proceeds.

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

Plaintiff's Complaint, and each cause of action in it, fails to state facts sufficient to constitute a cause of action against MPI.

### SECOND AFFIRMATIVE DEFENSE
### (Good Faith)

Any conduct engaged in by MPI was done in good faith, and not willfully or recklessly with an intent to trade upon any purported trademark rights of Plaintiff's if any.  Plaintiff's Complaint fails to state claims, allegations, or conduct sufficient to entitle Plaintiff to a finding that MPI's conduct was willful, or that this is an exceptional case, or that any of MPI's conduct constitutes willful and deliberate infringement which in any way should be deterred in the future.

### THIRD AFFIRMATIVE DEFENSE
### (Unclean Hands, Trademark Misuse)

Plaintiff's causes of action are barred by reason of unclean hands, including but not limited to reasons of abuse of legal process, trademark misuse, and inequitable conduct that seeks to curtail MPI's lawful conduct, including its right to lawfully market and sell its products and services in the marketplace.

### FOURTH AFFIRMATIVE DEFENSE
### (Lack of Injury)

Plaintiff's claims and the relief sought are barred, in whole or in part, because Plaintiff has not sustained any damages and has suffered no harm caused by MPI.

### FIFTH AFFIRMATIVE DEFENSE
### (No Irreparable Injury)

Some or all of the relief sought by Plaintiff is barred because Plaintiff has failed to establish irreparable injury.

### SIXTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

To the extent that the Plaintiff has suffered damages, it has failed to mitigate them, thereby barring it from recovery or reducing any recovery to which it might otherwise be entitled.

### SEVENTH AFFIRMATIVE DEFENSE
### (No Punitive Damages)

MPI asserts that punitive damages are unavailable for Plaintiff's claims.

### EIGHTH AFFIRMATIVE DEFENSE
### (Estoppel)

MPI asserts that Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

## NINTH AFFIRMATIVE DEFENSE
### (Other Potential Defenses)

MPI gives notice that it intends to rely upon any additional defenses that are now or may become available or appear during discovery proceedings in this action. MPI reserves the right to amend its Answer to assert those defenses.

## REQUEST FOR RELIEF

MPI requests that the Court enter such orders as are necessary to enter judgment in favor of MPI against Plaintiff on all claims and causes of action asserted by Plaintiff and that Plaintiff take nothing of and from MPI by this suit, and that the Court award MPI all costs, legal fees and other expenses incurred in this proceeding, together with such other and further favorable relief to which it may be entitled.

## DEMAND FOR JURY TRIAL

MPI hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure as to all issues or claims for which a jury trial is allowed.

Dated: September 9, 2022

*/s/ Dale M. Cendali*

Dale M. Cendali
Claudia Ray

KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Fax: (212) 446-4948
dale.cendali@kirkland.com
claudia.ray@kirkland.com

Allison W. Buchner (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
2049 Century Park East, Suite 3700
Los Angeles, CA 90067
Telephone: (310) 552-4302
allison.buchner@kirkland.com

*Attorneys for Defendant Meta Platforms, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

Defendant Meta Platforms, Inc. hereby certifies that on September 9, 2022, the foregoing

**ANSWER** was filed electronically with the Clerk of the Court using the CM/ECF system, which

will automatically send notification of such filing to all attorneys of record.

Dated:  September 9, 2022                    */s/ Dale M. Cendali*

                                                                Dale M. Cendali
                                                                Claudia Ray
                                                                KIRKLAND & ELLIS LLP
                                                                601 Lexington Avenue
                                                                New York, New York 10022
                                                                Telephone: (212) 446-4800
                                                                Fax: (212) 446-4948
                                                                dale.cendali@kirkland.com
                                                                claudia.ray@kirkland.com

                                                                Allison W. Buchner
                                                                Admitted *Pro Hac Vice*
                                                                KIRKLAND & ELLIS LLP
                                                                2049 Century Park East, Suite 3700
                                                                Los Angeles, CA 90067
                                                                Telephone: (310) 552-4302
                                                                allison.buchner@kirkland.com

                                                                *Attorneys for Defendant Meta Platforms, Inc.*