IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| METAx LLC,<br><br>                 Plaintiff,<br>  - against -<br><br>META PLATFORMS, INC.,<br><br>                Defendant. | Civil Case No. 1:22-cv-06125<br><br>**PROPOSED SCHEDULING ORDER** |

The Parties submit this Proposed Scheduling Order in accordance with this Court's Order dated October 3, 2022 (ECF No. 20). The Parties conferred pursuant to Federal Rule of Civil Procedure 26(f) on September 28, 2022 and exchanged communications thereafter for the purposes of preparing this Proposed Scheduling Order.

**1. Date of Conference and Appearances**

The initial pre-trial conference is to be held on Friday, November 4, 2022 at 12:30 p.m. in Courtroom 21C. The appearances for the Parties are:

- For Plaintiff: Dyan Finguerra Du-Charme (Partner, Pryor Cashman LLP) and Nicholas Saady (Associate, Pryor Cashman LLP); and

- For Defendant: Dale M. Cendali (Partner, Kirkland & Ellis LLP) and Allison W. Buchner (Partner, Kirkland & Ellis LLP; admitted *pro hac vice*)

**2. Concise Statement of Issues, Claims, and Defenses**

    a) **Plaintiff:**

Plaintiff is a small business founded in 2010 by Justin "JB" Bolognino. Plaintiff offers goods and services in the industry involving immersive and experiential technologies, including augmented reality ("AR"), virtual reality ("VR"), and extended reality ("XR") (collectively, the "Industry"). Since 2010, Plaintiff has developed, curated, and hosted experiential and immersive experiences for

1

corporate and individual consumers, including experiences at some of the world's largest events and festivals.  In addition to those experiences, Plaintiff offers other goods and related services to consumers — including AR and VR products, and a social network platform.

On October 28, 2021, Defendant began publicly portraying itself as "Meta" and began using its infringing META mark.  Defendant has utilized, and is utilizing, its infringing META mark in connection with identical and/or closely related goods and services as offered by Plaintiff, which Defendant offers to the same consumers as Plaintiff through the same channels of trade as Plaintiff.  Essentially, Defendant is now doing exactly what Plaintiff has done for more than a decade.

Plaintiff filed a Complaint (ECF No. 1) on July 19, 2022 asserting three causes of action arising from Defendant's unlawful conduct:

1. Federal Trademark Infringement, 15 U.S.C. § 1114;

2. Federal Unfair Competition, 15 U.S.C. § 1125(a); and

3. New York Common Law Unfair Competition (which remains enforceable pursuant to New York General Business Law § 360-O).

As is detailed more fully in the Complaint, the above three claims arise from, among other matters, the parties' visually and aurally identical marks, the identical and/or closely related nature of the parties' goods and services, the overlap in the parties' consumers and channels of trade, and evidence of actual confusion amongst consumers.  All of the foregoing show that Defendant's continued use of its infringing mark is likely to cause consumer confusion and therefore is infringing.  Defendant's conduct also constitutes unfair competition as described in Plaintiff's second and third causes of action in the Complaint.  Defendant's unlawful conduct is causing substantial, immediate, and irreparable harm to Plaintiff and to the significant goodwill Plaintiff has developed in the META Mark.  Plaintiff seeks a permanent injunction and monetary relief.

b) **Defendant:**

Defendant Meta Platforms, Inc. ("MP") is a company focused on driving the consumer experience across its social media platforms with a mission to give people the power to build community and bring the world closer together through its platforms. What is now MP began in 2004, long before Plaintiff's formation, with the launch of Facebook. Thereafter, Facebook both acquired and launched new social media platforms and hardware and software products, such as Instagram, WhatsApp, and Oculus. As the company grew beyond the Facebook platform with many other brands under its umbrella, the company rebranded in October 2021, with the name "Meta Platforms."

Plaintiff, in contrast, is a niche event production company that offers its live, interactive event services to other companies to market *their* own brands. MP is confident that discovery will confirm that there that there is no likelihood of confusion between Plaintiff's MetaX mark and MP's META mark. The parties' marks are not only different; they are used in connection with substantially different products and services marketed and sold to entirely different (and sophisticated) consumers exercising a high degree of care in their purchasing decision. Moreover, MP is unaware of any instances of actual confusion between the parties' businesses. For its part, Plaintiff includes only two supposed such instances in its complaint, neither of which evidence actual confusion resulting in any harm to Plaintiff. These, among other reasons, will undoubtedly show that there is no likelihood of confusion, dooming Plaintiff's claims. Further, contrary to Plaintiff's allegations, MP is confident that discovery will also confirm that its rebranding decision (and adoption of its META mark) was made without any intent to trade off of Plaintiff's name and mark. MP denies that Plaintiff is entitled to any relief whatsoever.

3. **Schedule**

   a) **Names of Persons to be Deposed and Schedule of Planned Depositions**

At this stage, without the benefit of any discovery, the Parties believe it is premature to provide the Court with names of persons to be deposed or a schedule of planned depositions. The Parties anticipate that fact depositions shall be limited to no more than 10 depositions per Party to the proceedings. Should a Party reasonably believe it is necessary to take more than 10 depositions, the Parties will meet and confer in good faith. If the Parties cannot agree on additional depositions, the Parties reserve their rights to seek leave from the Court to take additional depositions.

   b) **Schedule for the Production of Documents and Other Discovery**

- The Parties will exchange the information required by Rule 26(a)(1) of the Federal Rules of Civil Procedure on or before November 18, 2022.

- Initial sets of interrogatories and initial requests for production shall be served on or before November 25, 2022.

- All requests for admission must be served on or before March 24, 2023.

- All requests for production and interrogatories must be served no later than 30 days before the date for completion of fact discovery.

- The Parties have discussed and exchanged lists of the issues concerning which they may seek discovery (without prejudice to their rights to seek discovery on any relevant issue or subject), and can provide such lists to the Court, if the Court wishes to receive them.

- Any supplementations under Rule 26(e) must be made within a reasonable period after discovery of such information.

- The Parties request a settlement conference before Magistrate Judge Figueredo on a date that is convenient for the Court.

   c) **Schedule for Expert Discovery**

- Initial expert reports shall be served by June 5, 2023.

- Any rebuttal expert reports shall be served by June 30, 2023.

- All expert depositions shall be completed by July 28, 2023.

   d) **Time When Discovery is to be Completed**

- Fact discovery shall be completed by April 28, 2023.

- Expert discovery shall be completed by July 28, 2023.

   e) **Date by Which Plaintiff Will Supply Its Pre-Trial Order Materials to Defendant**

Plaintiff will supply its pre-trial order materials to Defendant, in accordance with Rule 4 of the Individual Practices of the Honorable Judge Louis L. Stanton, by August 18, 2023.

   f) **Date by Which the Parties will Submit a Pre-Trial Order**

The Parties will submit a pre-trial order in accordance with Rule 4 of the Individual Practices of the Honorable Judge Louis L. Stanton together with trial briefs and proposed *voir dire* questions and proposed jury instructions by September 15, 2023.

   g) **Date for a Final Pre-Trial Conference**

The final pre-trial conference pursuant to Federal Rule of Civil Procedure 16(e) will be held on _____, 2023.

4. **Statement of any Limitations to be Placed on Discovery**

At this stage, the Parties do not seek any limit on discovery beyond the limits set forth in the Federal Rules of Civil Procedure and in this Scheduling Order.  The Parties are working toward reaching agreement on a proposed Rule 502(d) Order regarding privileged materials, a stipulated

5

protective order governing confidentiality of documents and information, and a proposed protocol for electronic discovery and expect to file those shortly.

### 5. Statement of Discovery Issues on Which Counsel Were Unable to Reach Agreement

At this stage, there are no issues regarding disclosure, discovery, or the preservation of electronically stored information on which counsel have been unable to reach agreement.

### 6. Anticipated Fields of Expert Testimony

Plaintiff currently anticipates calling experts to testify in the fields of consumer surveys and damages.

Defendant likewise currently anticipates calling experts to testify in the fields of consumer surveys/marketing and damages.

### 7. Anticipated Length of Trial and Whether to Court or Jury

The Parties anticipate that the trial of this case will require 5 days. The Parties request a jury trial.

### 8. Statement Regarding Amendment to this Order

This Scheduling Order may be altered or amended only on a showing of good cause not foreseeable at the time of the initial pre-trial conference on November 4, 2022, or when justice so requires.

### 9. Names, Addresses, Phone Numbers and Signatures of Counsel for the Parties

| PRYOR CASHMAN LLP | KIRKLAND & ELLIS LLP |
|---|---|
| *(signature)* | *(signature)* |
| Dyan Finguerra-DuCharme | Dale M. Cendali |
| Robert J. deBrauwere | Claudia Ray |
| Felicity Kohn | 601 Lexington Avenue |
| Nicholas Saady | New York, New York 10022 |
| 7 Times Square | Telephone: (212) 446-4800 |
| New York, New York 10036 | Fax: (212) 446-4948 |
| Tel. (212) 421-4100 | dale.cendali@kirkland.com |
| dfinguerra-ducharme@pryorcashman.com | claudia.ray@kirkland.com |

|  |  |
|---|---|
| *Attorneys for Plaintiff* | Allison W. Buchner (admitted *pro hac vice*)<br>2049 Century Park East, Suite 3700<br>Los Angeles, CA 90067<br>Telephone: (310) 552-4302<br>allison.buchner@kirkland.com<br><br>*Attorneys for Defendant* |

**IT IS SO ORDERED:**

DATED: _____          _____
                                                                        HON. LOUIS L. STANTON
                                                                        UNITED STATES DISTRICT JUDGE