ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

METAx LLC,

    Plaintiff,

    - against -

META PLATFORMS, INC.,

    Defendant.

Case No. 1:22-cv-06125-LSS (LLS)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/20/23

## STIPULATED PROTECTIVE ORDER

WHEREAS, the Parties hereto desire to obtain a protective order to prevent inappropriate dissemination or inappropriate disclosure of information and tangible things; which are believed to be confidential and proprietary by the holder thereof; and

WHEREAS, such information and tangible things likely will include, among other things, sensitive, confidential, proprietary, trade secret, and/or private information;

IT IS HEREBY STIPULATED, and subject to the Court's approval, that pursuant to Rule 26 of the Federal Rules of Civil Procedure, the following provisions apply to information and tangible things in these proceedings.

1.     PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, trade secret, and/or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Parties hereby stipulate to the following Stipulated Protective Order. The Parties acknowledge that this Stipulated Protective Order does not confer blanket protections on all disclosures or responses to discovery, and that the protection it affords from public disclosure

and use extends only to the limited information and tangible things that are entitled to confidential treatment under applicable law.

2.     DEFINITIONS

2.1     Challenging Party: a Party or Non-Party that challenges the designation or non-designation of Disclosure or Discovery Material under this Stipulated Protective Order.

2.2     Competitor: The term "competitor" means, with respect to Meta Platforms, Inc. and solely for the purposes of this case based on the allegations in this case, Google, Apple, YouTube, Tencent, Snap, Twitter (X), ByteDance, Microsoft, and Amazon.  Prior to the opening of expert discovery, Meta Platforms, Inc. has the right to update and amend this list by notifying the Parties in writing of additional competitors for purposes of this case.  The term "competitor" means, with respect to METAx LLC and solely for the purposes of this case based on the allegations in this case, any person or entity that offers goods and services which utilize augmented reality, virtual reality, extended reality, mixed reality, and other similar immersive and experiential technologies.

2.3     "CONFIDENTIAL" Protected Material:  Protected Material (regardless of how it is generated, stored or maintained) that either: (i) qualifies for protection under Federal Rule of Civil Procedure 26(c); or (ii) counsel determines, in good faith, contains information that is proprietary, a trade secret or otherwise sensitive non-public information.

2.4     Designating Party: a Party or Non-Party that designates or that has a reasonable expectation of the right to designate Protected Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.5     Disclosure or Discovery Material: all information and tangible things, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, documents, testimony and transcripts), that are produced, disclosed or used in this matter.

2.6     Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party, (3) at the time of retention, is not

anticipated to become an employee of a Party, and (4) if applicable, has been cleared through the disclosure/objection process set forth in Section 7.7.

    2.7    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Protected Material: "Confidential Protected Material," disclosure of which to another Party or Non-Party would create a substantial risk of harm to the business interests of a Party that could not be avoided by less restrictive means, including but not limited to: proprietary design and development materials for products and/or services, sensitive products and/or services, information about not-yet-released products and/or services, information about sales volumes, cost and profit information, marketing strategies and expenditures, future business plans, and other strategic decision-making information.

    2.8    House Counsel: attorneys who are employees of a Party to this action. House Counsel does not include Outside Counsel of Record or any other counsel.

    2.9    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

    2.10    Outside Counsel of Record: attorneys who are not employees of a Party to this action but are retained to represent or advise a Party to this action and have appeared in this action on behalf of that Party (as well as their support staff).

    2.11    Party: any party to this action, including all of its officers, directors, employees (including House Counsel), and Outside Counsel of Record (and their support staffs).

    2.12    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

    2.13    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14    Protected Information:  any Disclosure or Discovery Material that qualifies for protection under FRCP 26(c) that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.15    Protected Material:  any (1) Protected Information; (2) information copied or extracted from Protected Information; (3) all copies, excerpts, summaries, or compilations of Protected Information; and (4) any testimony, conversations, or presentations made by Parties that might reveal Protected Information.

2.16    Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

2.17 Source Code:  computer code, associated comments, and/or revision histories for computer code, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs.

3.    SCOPE

The protections conferred by this Stipulated Protective Order do not cover the following information:

a)    Any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain, including through trial or otherwise, after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, another Court's Order, unlawful conduct, or a breach of a confidentiality obligation to the Designating Party.  However, if the accuracy of information is confirmed only through the review of Protected Material, then the information will not be considered to be in the public domain (for example, unsubstantiated media speculations or rumors that are later confirmed to be accurate through access to Protected Material are not "public domain" information);

b)    Any information that was independently developed without use of or reliance upon information produced by a Party to this action;

c)      Any information that was, prior to disclosure, rightfully in the possession or knowledge of the Receiving Party, provided, however, that the Receiving Party did not come to possess the information or knowledge as the result of a violation of this or any other Court order, unlawful conduct, or a breach of any confidentiality obligation to the Designating Party.  Moreover, if the accuracy of information is confirmed only through the review of Protected Material, then the information will not be considered to be rightfully in the possession or knowledge of the Receiving Party prior to disclosure (thus, for example, unsubstantiated media speculations or rumors that are later confirmed to be accurate through access to Protected Material are not excluded from the definition of "Protected Material" pursuant to this Section 3(c)).

d)      Information produced by the Party seeking to use or disclose the information.

This Stipulated Protective Order is not intended to, and does not, govern the inspection of Defendant's Source Code.  Should Source Code become relevant to this action and require inspection, the Parties agree to meet and confer on a separate protective order.

4.      DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition will be deemed to be the later of: (1) dismissal of all claims and defenses in this action, with or without prejudice; or (2) final judgment herein after the completion and exhaustion of all appeals, re-hearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law and the time limits for filing a petition for writ of certiorari to the Supreme Court of the United States if applicable.

5.      DESIGNATING PROTECTED MATERIAL

5.1     Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates Disclosure or Discovery Material for protection under this Order must limit any such designation to specific material that qualifies under the appropriate standards.

If it comes to a Designating Party's attention that Disclosure or Discovery Material that it designated for protection does not qualify for protection at all or does not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other Parties that it is withdrawing or revising the mistaken designation.

5.2     Manner and Timing of Designations. Except as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Stipulated Protective Order must be clearly so designated before the material is disclosed or produced in accordance with this Stipulated Protective Order, including in accordance with this Section 5.2(a).

Designation in conformity with this Order requires:

(a)     for Protected Material in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains Protected Material. For Protected Material that is produced in native electronic format, the designation legend must be included in the file name and on any slipsheets when produced, and any Party when printing such Protected Material must affix the designated legend to each page of the printed copy.

(b) for testimony given in deposition or other pretrial hearing, that the Designating Party either (1) identifies on the record or (2) identifies, in writing, within 30 calendar days, or for as many days as the Parties shall agree, of receipt of the final transcript, that portions of the transcript must be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." To the extent a deponent gives testimony regarding exhibits that are designated Protected Material, unless the Parties agree otherwise, that testimony must be treated in accordance with the level the Protected Material was designated regardless of whether the testimony itself receives express designation at or after the deposition.

The use of Protected Material as an exhibit at a deposition or other pretrial proceedings will not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material must have an obvious legend on the title page that the transcript contains Protected Material, and the title page must be followed by a list of all pages that have been designated as containing Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. During the 30-day period for designation, Parties shall treat any transcript that was not designated on the record pursuant to Section 5.2(b) above as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety. After the expiration of that period or of such earlier time that such portions of the transcript are designated, the relevant portions of the transcript will be treated only as actually designated.

(c) for Protected Material produced in some form other than documentary and for any tangible things, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the Protected Material is produced or disclosed the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

(d) If a Party obtains any documents or information of another Party that it knows or has reason to believe was taken or leaked without permission, prior to any access, disclosure or use of such documents or information, the obtaining Party must provide the other Party with an opportunity for review of the material for determination of confidentiality and designation under this Protective Order as well as any applicable privileges or protections from discovery. If the Designating Party designates any Protected Material in such documents or information after inspection, then Section 5.3 *Inadvertent Failure to Designate* will apply. To the extent the Designating Party determines that any information in such documents or information is privileged and/or protected from disclosure, the provisions of the Parties' Fed. R. Evid. 502(d) Order will apply. The Parties will follow all requirements to provide replacement documents and destroy the originals.

5.3    Inadvertent Failures to Designate.  An inadvertent failure to designate qualified Disclosure or Discovery Material does not waive the Designating Party's right to designate or otherwise secure protection under this Stipulated Protective Order for such material.  Upon correction of a designation, the Receiving Party must make all reasonable efforts to assure that the material is treated in accordance with this Stipulated Protective Order, which may require a Party withdraw access to Protected Material that was given to a person who is not authorized to have access under the new designation.  Within a reasonable time after the correction of a designation, a Receiving Party must provide written notice to the Designating Party of all persons who received access to the Protected Material who are no longer authorized to have access under the new designation.

In the event that a Producing Party inadvertently fails to designate Protected Material, the Producing Party shall give written notice of such inadvertent production to the Receiving Party (the "Inadvertent Production Notice") and shall reproduce copies of the Protected Material that are labeled with the appropriate confidentiality designation.    Upon receipt of an Inadvertent Production Notice and properly labeled Protected Material, the Receiving Party shall promptly destroy the inadvertently produced Protected Material and all copies thereof or return such together with all copies of such Protected Material to Outside Counsel of Record for the Producing Party. Should the Receiving Party choose to destroy such inadvertently produced Protected Material, the Receiving Party shall notify the Producing Party in writing of such destruction within 14 calendar days of receipt of the Inadvertent Production Notice and properly labeled Protected Material.  This provision is not intended to apply to any production of any document, material, or testimony protected by attorney-client or other privileges or the work product doctrine, which is separately addressed in the Parties' separate Fed. R. Evid. 502(d) Order.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    Timing of Challenges.  Any Party may challenge a designation of confidentiality or non-designation at any time.  A Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is

disclosed, unless a prompt challenge to a Designating Party's confidentiality designation is necessary to (i) avoid foreseeable and substantial unfairness, (ii) unnecessary economic burdens, or (iii) a significant disruption or delay of the litigation.

6.2     Meet and Confer.  The Challenging Party shall initiate the dispute resolution process by providing written notice that clearly specifies the designated information or tangible things (individually or by categories) it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this Section 6.2 of the Stipulated Protective Order.  The Parties must attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 7 calendar days of the date of service of notice.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if: (i) it has engaged in this meet and confer process first or (ii) establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.  If 21 calendar days have passed since service of the written notice initiating the dispute resolution process and the Parties have been unable to resolve the challenged dispute through the aforementioned meet and confer process, a Challenging Party may proceed to the next stage of the challenge process.

6.3     Judicial Intervention.  Subject to any Court or Judges' rules, if the Parties cannot resolve a challenge without court intervention, the Challenging Party shall file a letter motion requesting a pre-motion discovery conference with the Court in accordance with the Court's procedures for disputes relating to discovery matters.  The Challenging Party's failure to file its challenge with the Court will result in the Protected Material being designated as requested by the Designating Party.  The burden of persuasion in any such challenge is on the Designating Party.

Frivolous challenges and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other Parties) may expose the Challenging Party to sanctions. All Parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation until the Court rules on the challenge or the Designating Party withdraws its designation.

7. ACCESS TO AND USE OF PROTECTED MATERIAL

    7.1 Basic Principles.

    (a) A Receiving Party may use Protected Material only for prosecuting, defending, or attempting to settle this litigation and associated appeals.

    (b) Protected Material may be disclosed only to the categories of persons and under the conditions described in this Stipulated Protective Order.

    (c) A Receiving Party must comply with the provisions of Section 13 below (FINAL DISPOSITION) for the Duration of this Stipulated Protective Order.

    (d) A Receiving Party must store and maintain Protected Material at a location and in a secure manner that ensures that access is limited to the persons authorized under this Stipulated Protective Order.

    7.2 Data Security of Protected Material. Any Receiving Party or any person in possession of or transmitting of another Party's Protected Material must maintain a written information security program that includes reasonable administrative, technical, and physical safeguards designed to protect and secure the Protected Material from loss, misuse, unauthorized access and disclosure, and protect against any reasonably anticipated threats or hazards to the security of the Protected Material. Reasonable administrative, technical, and physical safeguards may include, but are not limited to: utilization of Secure File Transfer Protocol (SFTP), Secure Sockets Layer (SSL), or Virtual Private Network (VPN) technologies when transferring files; encryption of the data when data is being transferred to the Receiving Party; encryption of the data when data is at rest when being stored by the Receiving Party; controlled access to the files themselves (e.g., background checks for personnel handling the data stored in servers, rooms, etc.);

-10-

an audit trail that maintains a record of all activity by both system and application processes and by user activity with any operating system(s), application(s), file system(s), or file(s) that stores or interacts with the Protected Material; agreement between parties as to specified vendor and data security technologies; liquidated damages provision for breach, secured by a bond or other security; access rights management; physical space and device access and usage controls; or where applicable, incorporation of statutory or sectoral standards and specifications.

To the extent the Receiving Party or any person in possession of or transmitting another Party's Protected Material does not have an information security program, the Receiving Party may comply with this Data Security provision by having Protected Material maintained by and/or stored with a secure eDiscovery/litigation support site(s) or claims administrator that maintains an information security program that complies with the requirements above or otherwise aligns with standard industry practices regarding data security.

Any Protected Material in paper format must be maintained in a secure location with access limited to persons entitled to access the Protected Material under this Stipulated Protective Order. The Receiving Party will take reasonable steps to limit the number of copies that are made of another Party's Protected Material that is produced in paper format.

If a Receiving Party or any person in possession of or transmitting another Party's Protected Material discovers any loss of Protected Material or a breach of security, including any actual or suspected unauthorized access, relating to another Party's Protected Material, the Receiving Party or any person in possession of or transmitting another Party's Protected Material shall: (1) promptly provide written notice to the Designating Party of such breach; (2) investigate and make reasonable efforts to remediate the effects of the breach, and provide Designating Party with assurances reasonably satisfactory to Designating Party that such breach will not reoccur; and (3) provide sufficient information about the breach that the Designating Party can reasonably ascertain the size and scope of the breach. The Receiving Party or any person in possession of or transmitting any Protected Material agrees to cooperate with the Designating Party in investigating any such security incident. In any event, the Receiving Party or any person in possession of or

transmitting any Protected Material shall promptly take all necessary and appropriate corrective action to terminate the unauthorized access.

7.3     Disclosure of "CONFIDENTIAL" Protected Material. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any Protected Material designated as "CONFIDENTIAL" that is not "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in this Stipulated Protective Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters and their staff,

(f) professional jury or trial consultants including mock jurors who have signed a confidentiality agreement, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) during their depositions, witnesses in the action to whom disclosure is reasonably necessary, with the consent of the Designating Party or as ordered by the Court and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A)

(h) the author or recipient of a document containing the Protected Material or a custodian or other person who otherwise possessed or knew the Protected Material; and

(i) any mediator who is assigned to this matter, and his or her staff, who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

7.4     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Protected Material.   Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any Disclosure or Discovery Material designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) Experts (as defined in this Stipulated Protective Order) of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.7, below, have been followed (if applicable);

(c) the Court and its personnel;

(d) court reporters and their staff,

(e) professional jury or trial consultants including mock jurors who have signed a confidentiality agreement, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(f) the author or recipient of a document containing the Protected Material or a custodian or other person who otherwise possessed or knew the Protected Material; and

(g) any mediator who is assigned to this matter and his or her staff, who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

7.5     Disclosure During Depositions.   Whenever Protected Material is to be discussed or disclosed in a deposition, only Outside Counsel of Record may attend or participate for the period during which such Protected Material is to be discussed or disclosed.

7.6     Disclosure During Hearings and Pre-Trial Proceedings.     Whenever Protected Material is to be discussed or disclosed in a hearing or pre-trial proceeding, the Designating Party may seek leave from the Court to exclude from the virtual or physical room any person, other than Outside Counsel of Record, for that portion of the hearing or pre-trial proceeding during which such Protected Material is to be discussed or disclosed.

7.7     Procedures for Approving or Objecting to Disclosure of Protected Material to Experts.

(a) Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, at the time at which a Party that seeks to disclose HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY Protected Material to an Expert who (1) is a current employee of a Competitor of the other Party or has been an employee of a Competitor of the other Party in any capacity at any time within the preceding three months other than as an outside litigation expert or consultant, or (2) at the time of retention, is anticipated to become an employee of a Competitor of the other Party in any capacity other than as an outside litigation expert or consultant, must first make a written request to the Designating Party that (a) identifies the general categories of Protected Material that the Receiving Party seeks permission to disclose to the Expert, (b) sets forth the full name of the Expert and the city and state of his or her primary residence, (c) attaches a copy of the Expert's current resume, (d) identifies the Expert's current and past employer(s), (e) identifies each Competitor of either party from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the Expert has provided professional services, including in connection with a litigation, at any time during the preceding five years and the party to the litigation for whom such work was done, and (f) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.  With regard to the information sought through part (f) of such an Expert disclosure, if the Expert believes any of the information subject to a confidentiality obligation to a Non-Party, then the Expert should provide whatever information the Expert

-14-

believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert must be available to meet and confer with the Designating Party regarding any such engagement.

(b) A Party that provides the information specified in the preceding respective paragraphs may disclose the identified Protected Material to the identified Expert unless, within 10 calendar days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within 10 calendar days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a letter request for a pre-motion discovery conference with the Court and the Parties shall thereafter follow the Court's procedures for disputes relating to discovery matters and protective orders.

In any such proceeding, the Party opposing disclosure to the Expert bears the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

8.1 If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any Protected Material designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must:

(a) promptly notify in writing the Designating Party. Such notification must include a copy of the subpoena or court order;

(b) promptly notify in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Stipulated Protective Order. Such notification must include a copy of this Stipulated Protective Order; and

-15-

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order or seeks to quash the subpoena, the Party served with the subpoena or court order must not produce any Disclosure or Discovery Material designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the Court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission to produce the subpoenaed Protected Material. The Designating Party bears the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court. Any agreement by a Designating Party that Protected Material may be produced in response to a subpoena does not in any way waive the protections this Stipulated Protected Order provides against disclosure in any other litigation.

8.2     The provisions set forth herein are not intended to, and do not, restrict in any way the procedures set forth in Federal Rule of Civil Procedure 45(d)(3) or 45(f).

## 9.     A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)     Any discovery requests propounded to Non-Parties, including subpoena and deposition notices propounded to Non-Parties, must be accompanied by a copy of this Stipulated Protective Order.

(b)     The terms, remedies, and relief provided by this Stipulated Protective Order are applicable to Disclosure or Discovery Material produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(c)     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession which is prohibited from disclosure pursuant to an agreement between the Party and the Non-Party, then the Party shall:

1.     promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is prohibited from disclosure under a confidentiality agreement between the Party and Non-Party; and

2.     promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested.

(d)     If the Non-Party fails to object or seek a protective order from this court within 14 calendar days after receiving the notice and accompanying information under Section 9(c) above, including but not limited to any contractual time period in an agreement between the Producing Party and the Non-Party which prevents the disclosure of the information requested for such time period, the Producing Party must produce the Non-Party's confidential information responsive to the discovery request (although it still may be designated as Protected Material). If the Non-Party timely seeks a protective order, the Producing Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court regarding that information.

## 10.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order and require them to return or destroy all unauthorized copies of the Protected Material, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

-17-

11. PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

The Parties and Court have entered a separate Order under Fed. R. Evid. 502(d) that governs the production of documents protected from discovery.

12. MISCELLANEOUS

12.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2 Right to Assert Other Objections. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any Disclosure or Discovery Material on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3 Export Control. The Protected Material disclosed by the Producing Party may contain technical data subject to export control laws and therefore the release of such technical data to foreign persons or nationals in the United States or elsewhere may be restricted. The Receiving Party shall take measures necessary to ensure compliance with applicable export control laws, including confirming that no unauthorized foreign person has access to such technical data.

12.4 Territorial Restriction. No Protected Material may leave the territorial boundaries of the United States of America. Without limitation, this prohibition extends to Protected Material (including copies) in physical and electronic form. The viewing of Protected Material through electronic means outside the territorial limits of the United States of America is similarly prohibited. The restrictions contained within this Section 12.3 may be amended through the express written consent of the Producing Party to the extent that such agreed to procedures conform with applicable export control laws and regulations. To the extent that Outside Counsel of Record for the Receiving Party or any expert or consultant engaged by Outside Counsel of Record will travel outside of the United States for limited periods of time and therefore anticipate a legitimate need to view Protected Material through electronic means in order to prepare court filings or meet other essential needs of the case, they must first have signed the "Acknowledgment and Agreement

-18-

to be Bound" (Exhibit A) and provided a copy to all parties. Such persons (and only such persons) may view and use but not download Protected Material through electronic means, subject to applicable export control laws and regulations and reasonable safeguards that protect the Producing Party's Protected Material. These safeguards include a prohibition on downloading, copying, saving, or storing copies of Protected Material on local media (such as laptop computers, mobile devices, or portable media) while counsel is outside the United States. Nothing in this Section 12.4 is intended to remove any obligation that may otherwise exist to produce documents currently located in a foreign country.

12.5 <u>Filing Protected Material</u>.  Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.

13.        FINAL DISPOSITION

Within 60 calendar days after the final disposition of this action, as defined in Section 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Outside Counsel of Record and House Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and Expert work product, even if such materials contain Protected Material, with the exception of paper copies of Source Code. Any

-19-

such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

14.     OTHER PROCEEDINGS.

By entering this Stipulated Protective Order and limiting the disclosure of Disclosure or Discovery Material in this case, the Court does not intend to preclude another court from finding that Disclosure or Discovery Material may be relevant and subject to disclosure in another case. Any person or Party subject to this order who becomes subject to a motion to disclose another Party's information shall promptly notify that Party of the motion so that the Party may have an opportunity to appear and be heard on whether that Protected Material should be disclosed.

Dated: September 19, 2023

KIRKLAND & ELLIS LLP

Dale M. Cendali (S.B.N. 1969070)
Claudia Ray (S.B.N. 2576742)
Allison W. Buchner (admitted *pro hac vice*)

*Attorneys for Defendant Meta Platforms, Inc.*

Dated: September 18, 2023

PRYOR CASHMAN LLP

Dyan Finguerra-DuCharme
Robert J. deBrauwere
Kaveri B. Arora
Nicholas Saady

*Attorneys for Plaintiff METAx LLC*

IT IS SO ORDERED, this 20th day of September 2023

Louis L. Stanton
HON. LOUIS L. STANTON
United States District Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

METAx LLC,

Plaintiff,

- against -

META PLATFORMS, INC.,

Defendant.

Case No. 1:22-cv-06125-LSS

ECF Case

## EXHIBIT A

### ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____, declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Southern District of New York in the case of *METAx LLC v. Meta Platforms, Inc.* (Case No. 1:22-cv-06125-LSS). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order. I further agree to submit to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Printed name: _____

Title: _____

Address: _____

Signature: _____

Date: _____