# PRYOR CASHMAN LLP

New York | Los Angeles | Miami

7 Times Square, New York, NY 10036-6569   Tel: 212-421-4100   Fax: 212-326-0806   pryorcashman.com

June 19, 2024

**VIA ECF**

Hon. Louis L. Stanton
District Judge, United States District Court
Southern District of New York
500 Pearl St, New York, New York 10007-1312

      Re:   *METAx LLC v. Meta Platforms, Inc.* — 1:22-cv-06125-LLS —
            <u>Pre-Motion Discovery Conference</u>

Dear Judge Stanton,

      We represent METAx LLC ("Meta")[1] in this Action.  We regret writing to the Court on a significant Federal holiday.  However, we are compelled to do so because of the misrepresentations of law and fact in Meta Platforms, Inc.'s ("Meta Platforms") letter filed at 11:19pm last night (ECF No. 68) in response to Meta's letter motion filed **over six weeks** ago.

      First, Meta Platforms erroneously states that "Judge Castel did not order MPI to produce additional trademark acquisition agreements."  ECF No. 58, n. 2.  The *Metacapital Management, L.P. v. Meta Platforms, Inc*., 1:22-cv-07615 ("*Metacapital*") docket at ECF No. 55 (emphases added) shows that Judge Castel did, in fact, order Meta Platforms to produce trademark acquisition agreements in the relevant industry:

| 07/25/2023 | 55 | **ORDER: The Court rules** as follows with regard to Metacapital's Interrogatories and Request for Production: **1. MPI may limit its responses to RFP 19 & 20 and Interrogatory No 7 to the acquisition of marks used in connection with financial services. 2. MPL may limit its responses to RFP 21 & 22 to documents from January 1, 2019 through June 30, 2023 concerning internal valuations of marks used in connection with financial services.** 3. In satisfaction of RFP 32, MPI shall produce all non-privileged, non-work product documents from January 1, 2019 through June 30, 2023 concerning MPI's plans to offer financial services whether or not related to Mr. Zuckerberg's testimony. SO ORDERED. (Signed by Judge P. Kevin Castel on 7/25/2023) (ama) (Entered: 07/25/2023) |
|---|---|---|

      Second, Meta Platforms misrepresents that Meta "has already sought — and been denied — the relief it" now seeks from the Court with respect to RFPs 50 to 54.  *See* ECF No. 68 at 1.  That is incorrect.  At the prior March 2023 conference, Your Honor ruled that RFPs 5 and 6 were overly broad, and Your Honor instructed Plaintiff to narrowly request information that is needed

---

[1] Meta Platforms inappropriately abbreviates the Plaintiff as "MX" instead of "Meta," which is our client's trademark and trade name.  Plaintiff does not identify itself as "MX."  Meta Platforms' decision to use "MX" is a clear admission that the Parties' trademarks and trade names are identical and confusingly similar.  In contrast, Meta has always identified the Defendant as "Facebook" to avoid confusion, but for current purposes, we will identify the Defendant as Meta Platforms (even though Defendant, like Plaintiff, publicly represents itself as simply "Meta").

**PRYOR CASHMAN LLP**

by its expert. Plaintiff has followed that directive by narrowing RFPs 50 to 53 to information specifically requested by its damages expert and consistent with the requests that Judge Castel ruled were appropriate in an analogous case. Notably, Your Honor **did not** determine that the requested information was irrelevant, during the hearing or in the Court's subsequent written order.[2]

Third, Meta Platforms misstates the law with respect to the **relevance** of the documents sought by RFPs 50 to 54 in the context of discovery. Meta Platforms cites various cases to posit that these documents are "irrelevant." However, none of those cited cases **even deal with relevance**, let alone include a relevance determination in the context of a motion to compel. Contrary to Meta Platforms' submission, some of the cases cited by Meta Platforms actually support Meta's position, while others are misrepresented and/or irrelevant:

- *Fashion Exch. LLC v. Hybrid Promotions, LLC,* 2022 WL 4554480 (S.D.N.Y. Sept. 29, 2022) was a summary judgment opinion in a forward, not reverse, confusion case in which — contrary to Meta Platforms' parenthetical — Judge Stein held that "**courts may grant reasonable royalty damages even in the absence of a licensing agreement between the parties 'if the evidence provides a sufficiently reliable basis from which to calculate them.'**" *Id.* at *5 (emphasis added);

- *Gucci Am., Inc. v. Guess?, Inc.,* 858 F. Supp. 2d 250 (S.D.N.Y. 2012) holds — again contrary to Meta Platforms' parenthetical — that "**[e]ven in cases without [prior licensing] agreements, however, courts have awarded or approved of 'reasonable royalty' damages**." *Id.* at 253-254 (emphasis added);

- *Reply All Corp. v. Gimlet Media, Inc.,* 2021 WL 1291103 (E.D.N.Y. Apr. 5, 2021) is wholly inapplicable because it was a motion to recover attorneys' fees and costs in a frivolous lawsuit from the Eastern District of New York after summary judgment had already been ordered, and in any case, its holdings on deceptive intent were overruled by the Supreme Court in *Romag Fasteners Inc. v. Fossil Inc. et al* (as Meta Platforms' counsel is no doubt aware: *see* www.kirkland.com/news/in-the-news/2020/01/3-trademark-cases-to-watch-in-2020);

- *Koninkijke Philips Elecs. N.V. v. Hunt Control Sys., Inc.,* 2016 WL 3545529 (D.N.J. June 29, 2016) is another inapplicable summary judgment opinion from the District of New Jersey which held that while reasonable royalty damages **could be awarded** under Third Circuit law**,** the plaintiff's "evidence and arguments do not persuade the Court that a reasonable royalty should be available in this case." *Id.* at *29;

- *Juicy Couture, Inc. v. L'Oreal USA, Inc.,* 2006 WL 1359955 (S.D.N.Y. May 18, 2006) involved a motion *in limine* in a forward confusion case to exclude expert testimony. The Court applied law now over 18 years old and contrary to more recent decisions in this District on reasonable royalty damages. In any case, the Court did not create any broadly applicable holding, but rather only excluded — according to the unique facts of that case and that expert's opinion — the expert's testimony;

- *The Apollo Theater Found., Inc. v. W. Int'l Syndication,* 2005 WL 1041141 (S.D.N.Y. May 5, 2005) was another summary judgment opinion in a forward, not reverse, confusion case in

---

[2] RFP 54 (concerning valuations of Meta trademarks) has never been before this Court so it is not correct to state that Your Honor has already ruled on that request.



which the Court applied law over 18 years old and contrary to recent decisions in this District. Nevertheless, contrary to the proposition for which Meta Platforms cites this case, the Court **never** held that reasonable royalty damages are **only available** where there is a prior licensing agreement or negotiations between the parties.  In fact, the Court broadly held that reasonable royalty damages are appropriate as "compensation for past acts of infringement," and may represent "a more workable measure of damages than an accounting of profits."  *Id.* at *14.

Finally, Meta Platforms misstates the law with respect to the *Polaroid* "strength of the mark" factor in reverse confusion cases.  Meta Platforms posits that Plaintiff's mark is only relevant when assessing that factor.  However, *RiseandShine Corp. v. PepsiCo, Inc.*, 41 F.4th 112 (2d Cir. 2022) does not hold that; and that is not the law in this Circuit.  In fact, the *Rise* court acknowledged the potential relevance of the commercial strength of a defendant's mark: "where, as here, the junior user is a much larger company, consumers might believe that the senior user's success in promoting its brand had led the larger junior user to acquire the senior."  *Id.* at 124.

                    Respectfully submitted,

                    Kaveri Arora

**CC:**   All counsel of record (via ECF)