# KIRKLAND & ELLIS LLP

Dale M. Cendali, P.C.
To Call Writer Directly:
+1 212 446 4846
dale.cendali@kirkland.com

601 Lexington Avenue
New York, NY 10022
United States

+1 212 446 4800

www.kirkland.com

Facsimile:
+1 212 446 4900

April 15, 2025

**VIA CM/ECF**

Hon. Louis L. Stanton
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re: *METAx LLC v. Meta Platforms, Inc.*, Case No. 1:22-cv-06125-LLS –
April 14, 2025 Memo Endorsement (Dkt. No. 119)

Dear Judge Stanton:

We write on behalf of Meta Platforms, Inc. ("MPI") regarding the Memo Endorsement (Dkt. 119) issued yesterday. Specifically, we seek clarification regarding two aspects of that Memo Endorsement.

First, the Memo Endorsement—which was filed on the docket attached to MetaX LLC's ("MX") Motion to Compel the Production of Documents from MPI (Dkt. 96)—indicates that based on the Court's "line-by-line review of the documents sought in [MX's] motion to compel" the "motion to compel is granted." Dkt. 119 at 1. We note that the Court is ***not*** in possession of the documents sought in MX's motion to compel (and, accordingly, those documents have not been reviewed by the Court).[1] Given this, we wondered if perhaps the Memo Endorsement (or the way in which it was entered on the docket) unintentionally conflated two distinct sets of documents:

1. The documents that were the subject of the parties' outstanding motions to seal (Dkts. 101, 104, 109), which ***are*** in the Court's possession; and

---

[1] While MX's motion asked the Court to conduct an *in camera* review of those documents, no such review has been ordered.

KIRKLAND & ELLIS LLP

Hon. Louis L. Stanton
April 15, 2025
Page 2

2. The documents that MPI has redacted or withheld on the basis of attorney-client privilege and work product protection, which are the subject of the pending motion to compel (Dkt. 96) and ***are not*** in the Court's possession.

That the case cited by the Court in the Memo Endorsement (*Lugosch v. Pyramid Co. of Onondaga*, 435 F.33 110 (2d Cir. 2006)) addresses the merits of the standard for *sealing* documents further suggested to us that the Court's review may have been focused on the documents subject to the sealing motion, rather than the separate set of documents subject to the motion to compel. We look forward to your clarification on this point and will await further orders from the Court with respect to the documents at issue in MX's motion to compel.

Second, the Memo Endorsement refers to the parties' request to seal "an entire conference of the Court with counsel," but MX filed a public version of the transcript at Dkt. 98-1 and a sealed version at Dkt. 103-1. In the public version, only ten lines were redacted (on page 15) which included a description of a document that includes confidential information of non-parties. MPI is mindful of the presumption in favor of public access to documents filed with the Court and the need for narrowly-tailored sealing motions, and the parties sought only to seal that narrow portion (pg. 15, lines 13-23) of the transcript. We hope that this additional clarification is helpful. On that basis, we also request that the Court reconsider its rulings on the parties' motions to seal, and in particular, as to MPI's April 4, 2024 request (Dkt. 109), which sought to seal a contract that includes proprietary and commercially-sensitive information of non-parties to this litigation. *See id.* at 2. We will await further direction from the Court on this point as well.

Sincerely,

*Dale M. Cendali*

Dale M. Cendali, P.C.