ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
UNITED STATES COURTHOUSE
500 PEARL STREET
NEW YORK, NEW YORK 10007

LOUIS L. STANTON
UNITED STATES DISTRICT JUDGE

April 24, 2025

Ms. Dale M. Cendali
Kirkland & Ellis LLP
601 Lexington Avenue
New York, NY 10022

Re: METAx LLC v. Meta Platforms, Inc., Case No. 1:22-cv-06125-LLS –
April 14, 2025 Memo Endorsement (Dkt. No. 119)

Dear Ms. Cendali,

On the motion to compel, you are quite right that I did not review the particular documents which were not in my possession, nor were they necessary to resolve the motion. The clarity of arguments of waiver of any legal privilege, and the lack of sound reason for withholding the documents sought for production, overwhelmed the opposition. I may have caused confusion by condensing my analysis into one section for the sake of brevity, but my ruling on the motion to compel was separate from my analysis on sealing, and it stands. MPI is instructed to produce all documents forthwith.

Regarding your request for reconsideration on the parties' motions to seal, and in particular, as to MPI's April 4, 2024 letter (Dkt. 109), you are welcome to submit additional documentation and explanation to justify sealing. The current submissions lack the specific factual analysis and narrow tailoring required under Lugosch. It is not unusual for able counsel to presume that designations of confidentiality in an agreement of the parties will be honored and given protection against public disclosure when submitted to a court in support of an argument for sealing. But that innocuous and pragmatic courtesy between adversaries could, if taken at face value, lead to determination of cases on the basis of secret evidence and undisclosed arguments, anathema to the practice in our courts.

    I also understand MPI seeks only to seal a portion of the conference transcript, but nonetheless in this case the need for public access prevails against sealing.

Sincerely,

*Louis L. Stanton*
LOUIS L. STANTON
U.S.D.J.