UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

METAx LLC,

                Plaintiff,

- against -

META PLATFORMS, INC.,

                Defendant.

**DEFENDANT META PLATFORMS, INC.'S REPLY
IN SUPPORT OF ITS MOTION FOR RECONSIDERATION**

**TABLE OF CONTENTS**

I. RECONSIDERATION OF COURT'S ORDER COMPELLING PRODUCTION OF PRIVILEGED DOCUMENTS IS WARRANTED ...................... 1

    A. Erroneous Privilege-Disclosure Orders Present Exceptional Circumstances ........................................................................................................ 1

    B. The Court's Order Did Not Consider Facts and/or Law That Would Alter Its Conclusion ........................................................................................ 3

    C. *In Camera* Review Will Show MPI's Privilege Claims Were Proper and Avoid Manifest Injustice ........................................................................ 5

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*AKH Co. v. Universal Underwriters Ins. Co.*,
  300 F.R.D. 684 (D. Kan. 2014)..................................................................................................2

*Cont'l Cas. Co. v. Peterson Pac. Corp.*,
  2010 WL 11459796 (N.D. Ga. Apr. 6, 2010)............................................................................2

*Craig v. Rite Aid Corp.*,
  2012 WL 1079472 (M.D. Pa. Mar. 30, 2012)............................................................................1

*In re Dow Corning Corp.*,
  261 F.3d 280 (2d Cir. 2001)...................................................................................................4, 5

*ECDC Env't, L.C. v. New York Marine and Gen. Ins. Co.*,
  1998 WL 614478 (S.D.N.Y. June 4, 1998) ...............................................................................5

*Geo-Grp. Commc'ns, Inc. v. Shah*,
  2020 WL 5743516 (S.D.N.Y. Sept. 25, 2020)...........................................................................2

*Gould Inc. v. Mitsui Min. & Smelting Co.*,
  825 F.2d 676 (2d Cir. 1987).......................................................................................................4

*Hayden v. Int'l. Bus. Machs. Corp.*,
  2023 WL 4622914 (S.D.N.Y. July 14, 2023) ............................................................................5

*Johnson-Harris v. United States*,
  2020 WL 550279 (S.D.N.Y. Feb. 4, 2020)................................................................................5

*Kimberly-Clark Worldwide, Inc. v. First Quality Baby Prods., LLC*,
  2011 WL 5828039 (E.D. Wis. Nov. 18, 2011)..................................................................2, 3, 4

*Oakley v. MSG Networks, Inc.*,
  2025 WL 307413 (S.D.N.Y. Jan. 27, 2025) ..............................................................................5

*Off. Comm. Of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*,
  322 F.3d 147 (2d Cir. 2033).......................................................................................................1

*Pedersen v. Kinder Morgan, Inc.*,
  2023 WL 6441948 (S.D. Tex. Sept. 29, 2023) ......................................................................2, 4

*Pengate Handling Sys., Inc. v. Westchester Surplus Lines Ins. Co.*,
  2007 WL 1176021 (M.D. Pa. Apr. 20, 2007)............................................................................2

*Polaris Eng'g, Inc. v. Texas Int'l Terminals, Ltd.*,
  2023 WL 7093032 (S.D. Tex. Oct. 26, 2023)...........................................................................2

*In re Rezulin Prods. Liab. Litig.*,
  224 F.R.D. 346 (S.D.N.Y. 2004) ............................................................................................3

*Safeco Ins. Co. of Am. v. M.E.S., Inc.*,
  2012 WL 13103107 (E.D.N.Y. Dec. 27, 2012) .......................................................................2

*Safeco Ins. Co. of Am. v. M.E.S., Inc.*,
  2013 WL 12362006 (E.D.N.Y. Feb. 12, 2013).......................................................................4

*Sanofi-Synthelabo, Inc. v. Apotex Inc.*,
  363 F. Supp. 2d 592 (S.D.N.Y. 2005).....................................................................................2

*Scott v. Chipotle Mexican Grill, Inc.*,
  94 F.Supp. 3d 585 (S.D.N.Y. 2015)........................................................................................3

*Sikhs for Just. v. Nath*,
  893 F. Supp. 2d 598 (S.D.N.Y. 2012).....................................................................................2

*Smith v. CVS Albany, LLC*,
  2022 WL 3022526 (2d Cir. Aug. 1, 2022) ..............................................................................2

*Softview Comput. Prods. Corp. v. Haworth, Inc.*,
  2000 WL 943415 (S.D.N.Y. July 10, 2000) ...........................................................................2

*United States v. Parnas*,
  2022 WL 3047123 (S.D.N.Y. Aug. 1, 2022) ..........................................................................5

*Upjohn Co. v. U.S.*,
  449 U.S. 383 (1991)................................................................................................................5

*William Powell Co. v. Nat'l Indem. Co.*,
  2017 WL 4315059 (S.D. Ohio Sept. 26, 2017) ......................................................................2

**Rules**

Fed. R. Civ. P. 54.............................................................................................................................1, 4

Fed. R. Civ. P. 60.................................................................................................................................1

Courts require a factual basis to render well-reasoned decisions to withstand appeal. This accords with due process. Here, the Court was never provided with the allegedly privileged documents to facilitate a true analysis of the documents to assess bona fide privilege claims, and MX seeks to prevent the Court from having the proper factual basis to render its opinion. This makes no sense since MX's motion to compel noted the utility of *in camera* review. Dkt. 102, n.9. For MX to now argue against that review flies in the face of established procedure and serves no purpose other than perpetrating a decision that manifestly was inconsistent with the record. There can be no harm to MX allowing *in camera* review as MX suggested, while there is substantial harm to MPI in having its important attorney-client privilege rights abrogated without a decision on a full factual record.

I.     **RECONSIDERATION OF COURT'S ORDER COMPELLING PRODUCTION OF PRIVILEGED DOCUMENTS IS WARRANTED**

    A.     **Erroneous Privilege-Disclosure Orders Present Exceptional Circumstances**

Courts have broad discretion to revise interlocutory orders any time before final judgment. *See* Fed. R. Civ. P. 54(b). MX's cited cases recognize this authority. Courts have "broad discretion" to reconsider interlocutory orders and do so when needed to "correct clear error" or "avoid manifest injustice." *Off. Comm. Of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 167 (2d Cir. 2033); Fed. R. Civ. P. 60 advisory committee notes (interlocutory order review subject to court's power to reconsider "as justice requires").

MX spends much of its opposition arguing motions for reconsideration are granted only in "rare" and "exceptional" circumstances. Dkt 129 at 1–3, 5. But courts consistently recognize orders erroneously requiring production of privileged material present such circumstances. *E.g.*, *Craig v. Rite Aid Corp.*, 2012 WL 1079472, at *2 (M.D. Pa. Mar. 30, 2012) (reconsideration "necessary to 'prevent manifest injustice' … from the loss of a valid claim of privilege, [which]

1

can never be … restored once lost"); *Pengate Handling Sys., Inc. v. Westchester Surplus Lines Ins. Co.*, 2007 WL 1176021, at *2–3 (M.D. Pa. Apr. 20, 2007) (granting reconsideration to avoid "manifest injustice"); Dkt. 127 at 4.¹

Recognizing these considerations, courts **routinely grant reconsideration of orders compelling disclosure of privileged information**. *E.g.*, *Polaris Eng'g, Inc. v. Texas Int'l Terminals, Ltd.*, 2023 WL 7093032, at *5-6 (S.D. Tex. Oct. 26, 2023); *Pedersen v. Kinder Morgan, Inc.*, 2023 WL 6441948, at *1, *3 (S.D. Tex. Sept. 29, 2023); *William Powell Co. v. Nat'l Indem. Co.*, 2017 WL 4315059, at *4 (S.D. Ohio Sept. 26, 2017); *AKH Co. v. Universal Underwriters Ins. Co.*, 300 F.R.D. 684, 692 (D. Kan. 2014); *Safeco Ins. Co. of Am. v. M.E.S., Inc.*, 2012 WL 13103107, at *2-3 (E.D.N.Y. Dec. 27, 2012); *Softview Comput. Prods. Corp. v. Haworth, Inc.*, 2000 WL 943415, at *2 (S.D.N.Y. July 10, 2000); *Kimberly-Clark Worldwide, Inc. v. First Quality Baby Prods., LLC*, 2011 WL 5828039, at *1 (E.D. Wis. Nov. 18, 2011); *Cont'l Cas. Co. v. Peterson Pac. Corp.*, 2010 WL 11459796, at *2 (N.D. Ga. Apr. 6, 2010); *Sanofi-Synthelabo, Inc. v. Apotex Inc.*, 363 F. Supp. 2d 592, 595 (S.D.N.Y. 2005).²

It is well settled that reconsideration is warranted to correct erroneous rulings compelling disclosure of privileged material.³ Reconsideration is likewise warranted here.

---

¹ MX selectively quotes/misrepresents MPI's position to argue MPI misstates the law regarding reconsideration. MPI accurately stated courts routinely grant reconsideration where they did not consider controlling facts or law. Dkt. 127 at 3. Tellingly, MX does not address the cases MPI cited in support of that representation. *Id.* at 3–4.

² As MX's authorities recognize, the "law of the case" doctrine is discretionary and does not "rigidly bind a court to its former decisions" when reconsideration is needed "to correct a clear error or prevent manifest injustice." *Geo-Grp. Commc'ns, Inc. v. Shah*, 2020 WL 5743516, at *9-10 (S.D.N.Y. Sept. 25, 2020).

³ MX's cases largely involve decisions not relating to privileged documents. *Smith v. CVS Albany, LLC*, 2022 WL 3022526, at *1-2 (2d Cir. Aug. 1, 2022) (reconsideration of dismissal order); *Geo-Grp*, 2020 WL 5743516 at *13 (same); *Sikhs for Just. v. Nath*, 893 F. Supp. 2d 598, 606 (S.D.N.Y.

2

**B.     The Court's Order Did Not Consider Facts and/or Law That Would Alter Its Conclusion**

The Court granted MX's motion, ordering MPI to produce the 51 so-called "fact" documents without addressing MPI's arguments, authorities, or facts. Dkt. 127 at 1–7. Reconsideration is warranted.[4] MX's arguments to the contrary fail.

***First***, MX spills much ink explaining everything it believes was conveyed by the Court's single substantive sentence of analysis. Dkt. 129 at 1–6, 8. MX's speculation is no substitute for the Court's analysis. MX asserts the Court "h[eld] that, after 'analysis' of the parties' extensive briefing, various fact declarations before the Court, and [MPI's] insufficient Privilege Log, there was a 'lack of sound reasoning for withholding' the 51 fact documents." Dkt. 129 at 1, 4. The Court said no such thing. Neither the Court's order nor its follow-up letter mention MPI's privilege log or declarations. Dkts. 119, 123. Similarly, MX contends the Court's statement there was a "lack of sound reason for withholding the documents" "directly addresses" the so-called "fact" documents. Dkt. 129 at 4. But neither the order nor letter reference these documents (which MPI now seeks reconsideration). Dkts. 119, 123. Finally, MX claims the Court found "[MPI]'s Privilege Log descriptions insufficiently and conclusorily [sic] assert that the purpose for which these fact documents were transmitted was to 'provid[e] information,'" to "facilitat[e] legal advice." Dkt. 129 at 8. Again, neither the order nor letter say that, and tellingly, MX's only cited support is its own papers. *Id.* Nor did the Court's analysis address ***any*** of MPI's cited authorities;

---

2012) (same); *In re Rezulin Prods. Liab. Litig.*, 224 F.R.D. 346, 348 (S.D.N.Y. 2004) (denial of class certification).

MX's only case involving reconsideration of compelled production of privileged documents involved a decision rendered ***after in camera review***. *Scott v. Chipotle Mexican Grill, Inc.*, 94 F.Supp. 3d 585, 589 (S.D.N.Y. 2015). Thus, *Scott* supports *in camera* review.

[4] The "Rolling Stones" documents subject to MX's motion to compel were produced and are not at issue in this motion.

3

MX's assertion that "Your Honor analyzed all of those decisions [in MPI's opening brief] and held that none of them support [MPI]'s" (*id.* at 6) privilege claims is speculative.

*Second*, MX argues MPI fails to show evidence the Court overlooked. *Id.* This is wrong. MPI explained in detail that the Court's analysis did not have the benefit of *in camera* review or include factual analysis, which supports reconsideration. And, recognizing policy considerations underlying privilege protection, courts routinely grant motions to reconsider orders compelling production of privileged documents and allow parties to supplement the factual record, including through *in camera* review. *E.g.*, *Pedersen*, 2023 WL 6441948 at *1, *3 (supplemental affidavit); *Kimberly-Clark*, 2011 WL 5828039 at *1 (*in camera* review). It is striking that MX now seeks to block *in camera* review, which serves no purpose other than to prevent the Court from seeing the documents and rendering an opinion after the benefit of that review. The Court should exercise its discretion to order *in camera* review, which will ensure MPI's privileged documents are appropriately protected and prevent manifest injustice.

MX's attempts to distinguish MPI's cases are meritless. MX argues *Safeco* is distinguishable because it involves reconsideration of a magistrate's decision and "a fact-specific analysis of unique documents," unlike the documents at issue here. Dkt. 129, n.3. But *Safeco* was applying the Rule 54 standards that apply here. *Safeco Ins. Co. of Am. v. M.E.S., Inc.*, 2013 WL 12362006, at *2 (E.D.N.Y. Feb. 12, 2013). That the court required a "fact-specific" analysis of "unique" documents supports MPI's view—the court determined *in camera* review was needed, as MPI requests here. *Id.* at 3.[5]

---

[5] MX's attempts to distinguish *Gould* and *Dow* likewise fail. That *Gould* involved a third-party subpoena is a distinction without a difference and the holding that "the district court's failure to specify the ground upon which its [decision] was based prelude[d] a meaningful review," is relevant because the Court's order here likewise did not explain the grounds upon which it was based (denying MPI meaningful appellate review). *Gould Inc. v. Mitsui Min. & Smelting Co.*, 825

4

### C. *In Camera* Review Will Show MPI's Privilege Claims Were Proper and Avoid Manifest Injustice

MPI believes its opposition to MX's motion to compel and privilege log provided sufficient information to support MPI's privilege assertions. Dkt. 127 at 7. The documents MPI seeks reconsideration of are ***not*** (as MX incorrectly claims) merely "fact" documents but *communications for the purpose of facilitating legal advice* properly withheld or redacted as privileged. *Upjohn Co. v. U.S.*, 449 U.S. 383, 389 (1991).

MX's motion to compel recognized the utility of *in camera* review (Dkt. 102, n.9), and its cases underscore that utility. *Oakley v. MSG Networks, Inc.*, 2025 WL 307413, at *1 (S.D.N.Y. Jan. 27, 2025) (ordering *in camera* review before ruling on motion to compel); *Hayden v. Int'l. Bus. Machs. Corp.*, 2023 WL 4622914, at *3 (S.D.N.Y. July 14, 2023) (ordering production after *in camera* review); *United States v. Parnas*, 2022 WL 3047123, at *4 n.1 (S.D.N.Y. Aug. 1, 2022) (same); *ECDC Env't, L.C. v. New York Marine and Gen. Ins. Co.*, 1998 WL 614478, at *10 (S.D.N.Y. June 4, 1998) (same); *Johnson-Harris v. United States*, 2020 WL 550279, at *2 (S.D.N.Y. Feb. 4, 2020) (same).

*In camera* review will demonstrate MPI's privilege claims were proper, serve important policy objectives in protecting privileged documents from disclosure, and avoid manifest injustice. MPI's motion to reconsider should be granted and *in camera* review conducted.[6]

---

F.2d 676, 678 (2d Cir. 1987). MX claims *Dow* is distinguishable because it concerned a deposition, not withheld documents. Dkt. 129 at 7. MX is wrong. *Dow* involved withheld documents for which the district court ordered production. *In re Dow Corning Corp.*, 261 F.3d 280, 282 (2d Cir. 2001).

[6] MX's (falsely) contends MPI "deliberately chose not to" seek *in camera* review because it is withholding "nonprivileged fact documents." Dkt. 129 at 10. If that were true, it makes no sense for MPI to seek that review now. MPI did not argue against *in camera* review when MX's motion suggested it, and MPI offered to provide additional information, *e.g.*, through *in camera* review, if the Court requested. Dkt. 127, n.2.

## **CONCLUSION**

MPI requests the Court reconsider its order and review the at-issue documents *in camera*.

Dated: May 13, 2025                                    Respectfully submitted,

/s/ *Allison W. Buchner*
Dale M. Cendali
Claudia Ray
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Tel: (212) 446-4800
Fax: (212) 446-4949
dale.cendali@kirkland.com
claudia.ray@kirkland.com

Allison W. Buchner (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
2049 Century Park East, Suite 3700
Los Angeles, CA 90067
Telephone: (310) 552-4200
allison.buchner@kirkland.com

Lauren J. Schweitzer (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
555 South Flowers Street, Suite 3700
Los Angeles, CA 90071
Telephone: (213) 680-8400
lauren.schweitzer@kirkland.com

*Attorneys for Defendant Meta Platforms, Inc.*

## CERTIFICATION OF COMPLIANCE

I hereby certify that the foregoing document complies with the word limits set within L.R. 7.1(c) of the Joint Rules of the United States District Courts for the Southern and Eastern Districts of New York because, excluding the parts of the document exempted this document contains 1,740 words.

May 13, 2025

*/s/ Allison W. Buchner*
Allison W. Buchner

*Attorney for Defendant Meta Platforms, Inc.*