ORIGINAL

## MEMO ENDORSEMENT

<u>METAx LLC v. META PLATFORMS, INC.</u>, 22 Civ. 6125 (LLS)

1. Zuckerberg's and Mendelsohn's applications for relief from testifying are granted, with leave to plaintiff to reapply for their depositions if the information sought from them cannot be obtained from other witnesses.

2. Pages 34-37 and 49-53 of Exhibit 2 and 46, 48, 108-110, 152-54, 188-89 of Exhibit 3 are the only ones which may be sealed.

So Ordered.

Dated: New York, New York
June 18, 2025

                                                                  _Louis L. Stanton_
                                                          LOUIS L. STANTON
                                                                 U.S.D.J.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/18/25

# KIRKLAND & ELLIS LLP

AND AFFILIATED PARTNERSHIPS

| | | |
|---|---|---|
| Dale M. Cendali, P.C.<br>To Call Writer Directly:<br>+1 212 446 4846<br>dale.cendali@kirkland.com | 601 Lexington Avenue<br>New York, NY 10022<br>United States<br>+1 212 446 4800<br>www.kirkland.com | Facsimile:<br>+1 212 446 4900 |

Honorable Louis L. Stanton                                                                   *VIA ECF*
United States District Court Southern District of New York
500 Pearl St., New York, New York 10007-1312

RE:   *METAx LLC v. Meta Platforms, Inc.*, Case No. 1:22-cv-06125-LLS—Motion to Seal
        Exhibits to Letter re Apex Depositions

Dear Judge Stanton:

Pursuant to Section 3(B) of the Court's Individual Practices in Civil Cases, Defendant Meta Platforms, Inc. ("MPI") respectfully submits this motion to file under seal portions of Exhibits 2 and 3 to MPI's letter requesting a pre-motion conference to seek a protective order preventing MetaX, LLC from taking the apex depositions of MPI's Chief Executive Officer, Mark Zuckerberg, and MPI's Head of Global Business Group, Nicola Mendelsohn. The narrowly redacted portions of these deposition excerpts discuss highly confidential information and are textbook examples of documents warranting sealing.

## I.   LEGAL STANDARDS

Despite any "qualified First Amendment right of access to certain judicial documents," a document "may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006). Under *Lugosch*, courts employ "a three-step test for determining whether the presumption of public access is overcome," which includes: (1) "determin[ing] whether the documents are 'judicial documents' that are 'useful in the judicial process,'"; (2) "if the documents are judicial documents, . . . determin[ing] the 'weight' of the presumption of public access"; and (3) balancing the "'competing considerations against [the presumption of access],' including 'privacy interests of those resisting disclosure.'" *CRC Ins. Servs., Inc. v. Suh*, 2025 WL 560749, at *1 (S.D.N.Y. Feb. 19, 2025) (quoting *Lugosch*, 435 F.3d at 119–20).

If a document is not a "judicial document" then there is no presumed right of public access (steps two and three above are not required) and the document is "*subject to public access only 'absent a countervailing reason*.'"[1] *BAT LLC v. TD Bank, N.A.*, 2019 WL 13236131, at *8 (E.D.N.Y. Sept. 24, 2019), *objections overruled*, 2019 WL 13257498 (E.D.N.Y. Nov. 20, 2019); *see Kewazinga Corp. v. Google LLC*, 2024 WL 3442428, at *1 (S.D.N.Y. July 17, 2024) ("**The first question is whether the document is 'a judicial document subject to the [presumed] right of public access**,' meaning that the document is 'relevant to the performance of the judicial function and useful in the judicial process.' **The second step**, *if the presumption attaches*, is to determine the weight of the presumption by assessing 'the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts.'") (quoting *Lugosch*, 435 F.3d at 119) (internal citations omitted); *CRC Ins. Servs.*, 2025 WL 560749 at *1 (same); *Stern v. Cosby*, 529 F. Supp. 2d 417, 420 (S.D.N.Y. 2007) (same).

Importantly, as explained further below, **materials submitted in connection with a discovery**

---

[1] All emphasis added unless otherwise noted.

MEMO ENDORSED

motion are "not judicial documents" subject to the presumption of public access. *Diversified Grp., Inc. v. Daugerdas*, 217 F.R.D. 152, 163 (S.D.N.Y. 2003) (citing *U.S. v. Gangi*, 1998 WL 226196, at *2 (S.D.N.Y. May 14, 1998) and stating "[m]aterials submitted to a court for its consideration of a discovery motion . . . are not subject to the public's right of access"). Thus, when such documents are the subject of a request to seal, courts are not required to undertake steps 2 and 3 of the *Lugosch* analysis. *Id.*

But, even if the entire 3-step analysis is required for discovery documents, the weight of the presumption in favor of public access (step 2) is low. The "weight" of any presumption of public access is determined by reference to "the role of the material at issue in the exercise of . . . judicial power and the resultant value of such information to those monitoring the federal courts." *CRC Ins. Servs.*, 2025 WL 560749 at *1. "Generally, the information will fall somewhere on a *continuum* from matters that directly affect an adjudication to matters that come within a court's purview solely to insure their irrelevance." *Id.* (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)) (emphasis in original). Where material supporting resolution of a discovery motion is at issue, as here, courts generally find the presumption of public access is "low." *Stern*, 529 F. Supp. 2d at 422 ("[E]ven if the transcript is filed for purposes of a motion to compel, the presumption that would attach to the transcript would be **low**."); *Alexander Interactive, Inc. v. Adorama, Inc.*, 2014 WL 4346174, at *2 (S.D.N.Y. Sept. 2, 2014) (finding "presumption in favor of public access is **weak**" in connection with a "mere[] . . . motion to compel further discovery from a party").

## II.   SEALING OF EXHIBITS 2 AND 3 IS PROPER UNDER *LUGOSCH* AND ITS PROGENY.

As an initial matter, there is no presumption of public access to Exhibits 2 and 3 because they are not judicial documents. *Diversified*, 217 F.R.D. at 163 ("**[S]upporting documents relating to a discrete discovery issue**" are "***not judicial documents***."). Even if Exhibits 2 and 3 were judicial documents (they are not), any presumption of public access is low. Indeed, *BAT*, 2019 WL 13236131 at *7, involved an identical situation where a party was seeking to seal a deposition transcript relied on to support its motion for a protective order. The court ordered the transcript sealed, noting that "the public's interest in access to discovery documents is less than the presumption afforded documents submitted in connection with a dispositive motion." *Id.* at *8; *see also Stern*, 529 F. Supp. 2d at 422 (sealing deposition transcript and stating "the presumption of public access—if any—that attaches to the transcript [] is low, at best" since the court "would not be making any decision on the merits, but [] simply [] reviewing excerpts of the transcripts to resolve a discovery dispute"). So to here. The presumption of public access to Exhibits 2 and 3 is (at best) low because they are deposition transcripts submitted to aid the Court in its analysis of a discovery dispute (not any substantive motion).

Either way, MPI's countervailing interests far outweigh the "low" (*Stern*, 529 F. Supp. 2d at 422) or "weak" (*Diversified*, 217 F.R.D. at 159) presumption of public access here. The limited portions of Exhibits 2 and 3 that MPI seeks to seal provide information regarding MPI's highly confidential internal discussions and strategy relating to its business operations and organizational structure, including information regarding the company's internal processes for handling the conception and introduction of new brands or trademarks and the way the company thinks about brand strategy in connection with its company goals and vision, all of which is confidential, non-public and commercially sensitive information. The information sought to be sealed could provide valuable

**KIRKLAND & ELLIS LLP**

insight to MPI's competitors regarding MPI's internal processes, marketing and branding strategy, and strategic goals and vision for the future that could be used by those competitors to unfairly compete with MPI. Given the risks of competitive harm to MPI, MPI expends significant resources keeping this type of highly sensitive information confidential. MPI has narrowly redacted Exhibits 2 and 3 to only these highly confidential portions and granted the public access to the remainder.

"[C]ourts have consistently found that confidential commercial information of a business—including confidential research, internal business documents and information about a business's operations[—]are the proper subject of sealing." *Rodo Inc. v. Guimaraes*, 2022 WL 17742392, at *1 (S.D.N.Y. Dec. 5, 2022); *see also News Corp. v. CB Neptune Holdings, LLC*, 2021 WL 3409663, at *2 (S.D.N.Y. Aug. 4, 2021) (recognizing courts "routinely seal documents to prevent the disclosure of confidential business information," including specifically "qualitative market research" and "non-public . . . research or technical information"); *PharmacyChecker.com LLC v. Nat'l Ass'n of Bds. of Pharm.*, 2022 WL 4956050, at *2 (S.D.N.Y. Aug. 26, 2022) ("[C]ourts have consistently found that confidential commercial information of a business—including confidential research, internal business documents and information about a business's operations are the proper subject of sealing."); *CRC Ins. Servs.*, 2025 WL 560749 at *2 (granting motion to seal where the sealing request was "narrowly tailored to prevent unauthorized dissemination of confidential business information, and the protection of that information outweighs the public's right to access"); Dkt. 109 at 2 (collecting cases confirming that courts in this Circuit routinely find that confidential business information, like here, is the proper subject of sealing). Indeed, courts consistently seal deposition transcripts containing confidential information like Exhibits 2 and 3. *See, e.g., BAT*, 2019 WL 13236131 at *8 (sealing deposition transcripts relied on in support of motion for protective order discussing confidential "operations" and "protocols"); *Kewazinga*, 2024 WL 3442428 at *2 (holding "[n]onpublic business and legal information may be redacted" in a deposition transcript); *Robinson v. De Niro*, 2022 WL 274677, at *4 (S.D.N.Y. Jan. 26, 2022) (sealing highly sensitive deposition testimony). Accordingly, the substantial interests of MPI in maintaining as confidential its competitively sensitive business information outweigh the (at best) low presumption in favor of public access.

Finally, aside from the countervailing interests detailed above that justify sealing, MPI designated Exhibits 2 and 3 as confidential under the parties' protective order. *See* Dkt. 57. This confirms that MPI's expectation is that the designated portions of Exhibits 2 and 3 will remain confidential. *Id.* Thus, the parties' protective order reinforces the conclusion that the sealing of Exhibits 2 and 3 is proper. *See, e.g., Uni-Sys., LLC v. United States Tennis Ass'n, Inc.*, 2019 WL 3753780, at *5 (E.D.N.Y. Aug. 8, 2019) (considering the party's designation of a contract as "Highly Confidential" in determining whether to seal said contract); *see also Robinson*, 2022 WL 274677 at *4 ("It is also well established that the public has no right to access information obtained through discovery and that is subject to a protective order . . . .").

* * * *

In conclusion, both Exhibits 2 and 3 are properly sealed under *Lugosch*, as specific factual findings support sealing and both requests are narrowly tailored.

KIRKLAND & ELLIS LLP

Sincerely

Dale M. Cendali

CC: All counsel of record (via ECF)