UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
METAX LLC,

                              Plaintiff,                          22-CV-06125 (LLS) (VF)

              -against-

                                                                **ORDER**

META PLATFORMS, INC.,

                              Defendant.
------------------------------------------------------------------X

**VALERIE FIGUEREDO, United States Magistrate Judge.**

      The Court held a conference on October 2, 2025 (see ECF No. 181), to address various discovery disputes raised by the parties in multiple filings, all of which were summarized in the joint letter submitted on September 26, 2025. See ECF No. 179. Below is a ruling on each of the issues discussed at the conference.

- <u>Plaintiff's RFPs 68 and 69</u>. The information sought by RFPs 68 and 69 is relevant to Plaintiff's damages calculations. As is evident from the complaint (Compl. ¶¶ 28-30), Plaintiff offers an array of goods and services and the information sought through the discovery requests relate to services that Plaintiff either already offers or could naturally offer in the future. Additionally, Plaintiff is seeking targeted financial information (not all sales information for Defendant's platforms) and is seeking only documents sufficient to show the revenues data. Defendant's argument concerning whether the two entities provide goods that are proximate and compete for the same customers is premature, as it concerns the merits of the <u>Polaroid</u> factors and whether there is a likelihood of confusion. It does not, however, demonstrate that the information sought is irrelevant for purposes of discovery.

1

- <u>Testimony concerning Defendant's acquisition of third party Meta marks</u>. Plaintiff seeks testimony concerning Defendant's acquisition of third party marks for use in determining a reasonable royalty as part of its damages calculation. Plaintiff argues that courts have used a reasonable royalty to determine damages, particularly in reverse confusion cases, and that the price paid to acquire a mark may provide a sufficiently reliable basis from which to calculate a reasonable royalty rate. <u>See, e.g.</u>, <u>ITT Corp. v. Xylem Grp., LLC</u>, 963 F. Supp. 2d 1309, 132-33 (N.D. Ga. 2013). Defendant argues that such testimony is not relevant because reasonable royalty damages are seldom used in trademark cases and are not appropriate where, as here, the parties have no history of licensing the mark at issue. Neither side disputes that a circumstance *may* exist where a reasonable royalty may be a sufficiently reliable basis from which to calculate a plaintiff's damages in a trademark infringement dispute. At summary judgment, Defendant can argue that the reasonable royalty damages calculation by Plaintiff is too speculative, because there was never a licensing relationship between Plaintiff and Defendant. But whether there is a sufficiently reliable basis from which to calculate a reasonable royalty—where the plaintiff uses acquisition data and there has been no licensing relationship—is not a determination that can be made at this stage in the case. For purposes of discovery, Defendant has not shown that the testimony sought by Plaintiff is irrelevant given that Defendant has not pointed to a case, and the Court is not aware of one, where a court held that acquisition data can *never* be used to calculate a reasonable royalty. <u>Apollo Healthcare Corporation v. Sol de Janeiro USA Inc.</u>, 2024 WL 4555822 (S.D.N.Y. Oct. 23, 2024), upon which Defendant relies is distinguishable. On a motion for summary judgment, the Court dismissed the defendant's claim for reasonable royalty damages,

concluding that there was not a sufficiently reliable basis from which to calculate that award, given that the parties had no prior licensing arrangement. Id. at 10-11. The Court made that determination on the merits and although the Court reasoned that reasonable royalties are "typically" limited to a circumstance where the parties have had a licensing relationship, the Court did not rule out the possibility that such an award of damages could be sufficiently reliable in a different circumstance even despite the lack of a licensing relationship. Additionally, to the extent Defendant argues that the discovery would be burdensome, Defendant has not substantiated that conclusory assertion. But, in any event, Plaintiff seeks deposition testimony at this point, not the underlying agreements. See Tr. at 30, 34; see also ECF No. 179 at 15. And it is not apparent to the Court that preparing a Rule 30(b)(6) witness to testify about the limited information Plaintiff seeks for less than 20 acquisitions would be unduly burdensome. Lastly, the confidentiality of the sought-after information is already addressed by the comprehensive protective order in this case.

- <u>Defendant's request to depose Plaintiff's CEO for an additional two hours</u> (see ECF No. 179 at 23). Plaintiff objects to having to prepare Mr. Bolognino to testify on the date of first use of the goods and services provided by Plaintiff and how Plaintiff's mark was used in connection with those goods and services. Defendant seeks this testimony from Mr. Bolognino in his personal capacity. Tr. at 71. Defendant argues that additional deposition time is necessary because Mr. Bolognino verified interrogatory responses after his deposition, and those responses are at odds with his sworn testimony and an interview he gave to Forbes, two months after his verification of the interrogatory responses. Plaintiff has already agreed to produce Mr. Bolognino for two hours to address other

3

topics requested by Defendant, and Defendant is not seeking additional time beyond those two hours. Defendant has demonstrated good cause for its request to reopen Mr. Bolognino's deposition for two hours, and can further question Mr. Bolognino about the date of first use. It appears that Mr. Bolognino provided interrogatory responses after his deposition that are at odds with his deposition testimony. Tr. at 71. The timing of Mr. Bolognino's deposition was necessary because of the then-impending deadline for the close of fact discovery and to accommodate Mr. Bolognino's schedule. And Defendant seeks to depose Mr. Bolognino only his personal capacity.

- Topics 47 to 49 (see ECF No. 179 at 20). Defendant represents that it conducted a reasonably diligent search and was unable to locate any valuation reports in writing. See Tr. at 61-62, 64-65. At the conference, the parties indicated that they wished to table discussion of this topic until after a ruling by the Court on the other issues. If this topic is still in dispute after a meet and confer, the parties can raise the issue again with the Court.

- Clawed Back Documents (see ECF No. 179 at 25). The clawed back documents will be addressed in a separate order.

**SO ORDERED.**

DATED:   New York, New York
         October 23, 2025

_____
VALERIE FIGUEREDO
United States Magistrate Judge