**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X
METAX LLC,

                          Plaintiff,

                  -against-

META PLATFORMS, INC.,

                        Defendant.
-------------------------------------------------------------------X

**22-CV-06125 (LLS) (VF)**

**<u>ORDER</u>**

**VALERIE FIGUEREDO, United States Magistrate Judge.**

On February 11, 2026, Plaintiff sent an e-mail to chambers requesting immediate intervention because of a deposition that was scheduled for the same day. <u>See</u> Exhibit A. The undersigned held a conference with the parties to discuss the dispute on February 11. Given the time-sensitive nature of the request, the undersigned issued a ruling which was memorialized in an e-mail to the parties. That ruling is attached hereto as Exhibit B.

        **SO ORDERED.**

DATED:     New York, New York
              February 12, 2026

                                _____
                                 VALERIE FIGUEREDO
                                 United States Magistrate Judge

# Exhibit A

**From:** Finguerra-DuCharme, Dyan
**To:** Figueredo NYSD Chambers
**Cc:** Facebook Litigation; #MP METAx; Buchner, Allison W.; dale.cendali@kirkland.com
**Subject:** METAx LLC v. Meta Platforms, Inc., No. 22-cv-6125 – Urgent Request for Judicial Intervention
**Date:** Wednesday, February 11, 2026 10:57:20 AM
**Attachments:** image001.png
**Importance:** High

**CAUTION - EXTERNAL:**

Dear Judge Figueredo:

We represent Plaintiff METAx LLC ("Plaintiff") in the above-referenced litigation.  We write pursuant to Your Honor's Individual Practices in Cases, Section I.b. regarding an urgent matter that requires immediate attention regarding a deposition of Defendant Meta Platforms, Inc.'s ("Defendant") 30(b)(6) witness scheduled today.

On October 23, 2025, Your Honor issued an order requiring Defendant to put a 30(b)(6) witness up to testify, in part, regarding Defendant's acquisition of third-party Meta-formative marks for use in determining a reasonable royalty as part of Plaintiff's damages calculation. Defendant designated Scott Minden, Director & Associate General Counsel of Defendant, as its 30(b)(6) witness on this topic, and his deposition was confirmed December 17, 2025 to take place today, February 11, at 10am PT in San Francisco (for which Plaintiff's New York counsel has traveled). Over the past three days, Defendant has made two separate productions consisting of hundreds of pages of documents critical to Mr. Minden's deposition (including but not limited to the actual acquisition agreements on which Mr. Minden is to testify). The last production was made at 8pm PT yesterday evening, just hours before Mr. Minden's deposition was to take place. It was completely unreasonable to expect that Plaintiff process hundreds of pages of documents and their metadata, analyze them, and develop questioning before Mr. Minden's deposition today. Defendant's delayed production is inexplicable, inexcusable, and extremely prejudicial to Plaintiff. Mr. Minden's deposition has been scheduled for 8 weeks, and these documents should have been produced weeks ago, at the very least. It is perplexing to Plaintiff that the acquisition agreements were just voluntarily produced, despite Plaintiff spending three years and significant resources litigating the production of such documents before three judges (including Your Honor) and in two jurisdictions.  Defendant's conduct was strategically calculated to prejudice Plaintiff and undertaken in bad faith.

Following Defendant's production last night, Plaintiff immediately emailed Defendant and requested that Mr. Minden's deposition be postponed 24 hours (to tomorrow, February 12) to provide Plaintiff an opportunity to adequately prepare for Mr. Minden's deposition. Defendant refused. Plaintiff then offered to take Mr. Minden's deposition on Friday, February 13, or another day that worked for Mr. Minden and Defendant's counsel. Defendant again refused. As a final compromise, Plaintiff offered to take Mr. Minden's deposition today on topics that do not relate to the recently produced documents, and to conclude his deposition on another date. Despite Plaintiff's good faith compromise, Defendant again refused stating "We will put Mr. Minden up only once, at the time scheduled for his deposition today."  Please see below the parties' exchange from last night regarding the dispute at issue.

Plaintiff has made every effort to reach a resolution with Defendant, but Defendant's continued refusal to operate in good faith has forced Plaintiff to seek judicial intervention. We respectfully request an emergency conference with Your Honor to address the parties' dispute.

Respectfully submitted,
/dfinguerra-ducharme/

# Exhibit B

| | |
|---|---|
| **From:** | Figueredo NYSD Chambers |
| **To:** | Finguerra-DuCharme, Dyan; Buchner, Allison W. |
| **Cc:** | Facebook Litigation; #MP METAx; Cendali, Dale M. |
| **Subject:** | RE: METAx LLC v. Meta Platforms, Inc., No. 22-cv-6125 – Urgent Request for Judicial Intervention |
| **Date:** | Wednesday, February 11, 2026 12:49:00 PM |
| **Attachments:** | image001.png |

As I indicated on the call, the deposition should proceed today. As to the agreements produced on Sunday, because there was no objection at that point to the production and because Defendant had not been ordered to turnover the agreements, Plaintiff should be prepared to question the witness about those agreements today. As to the two agreements produced last night, Plaintiff can do one of two things: Plaintiff can elect to proceed with questioning the witness about those two agreements today and if after the deposition Plaintiff discovers, based on a closer review of the two agreements, that it did not have the opportunity to ask certain questions, Plaintiff can make a motion to reopen the deposition. Alternatively, Plaintiff can elect not to question the witness about those two agreements today and, as offered by Defendant, can depose the witness on a later mutually-agreed date about those two agreements.

**From:** Finguerra-DuCharme, Dyan <DFinguerra-DuCharme@pryorcashman.com>
**Sent:** Wednesday, February 11, 2026 11:09 AM
**To:** Figueredo NYSD Chambers <FigueredoNYSDChambers@nysd.uscourts.gov>; Buchner, Allison W. <allison.buchner@kirkland.com>
**Cc:** Facebook Litigation <facebooklitigation@pryorcashman.com>; #MP METAx <MP-METAx@kirkland.com>; Cendali, Dale M. <dale.cendali@kirkland.com>
**Subject:** RE: METAx LLC v. Meta Platforms, Inc., No. 22-cv-6125 – Urgent Request for Judicial Intervention

**CAUTION - EXTERNAL:**

Yes, Your Honor.  Thank you.

**From:** Figueredo NYSD Chambers <FigueredoNYSDChambers@nysd.uscourts.gov>
**Sent:** Wednesday, February 11, 2026 11:08 AM
**To:** Buchner, Allison W. <allison.buchner@kirkland.com>; Finguerra-DuCharme, Dyan <DFinguerra-DuCharme@pryorcashman.com>
**Cc:** Facebook Litigation <facebooklitigation@pryorcashman.com>; #MP METAx <MP-METAx@kirkland.com>; Cendali, Dale M. <dale.cendali@kirkland.com>
**Subject:** RE: METAx LLC v. Meta Platforms, Inc., No. 22-cv-6125 – Urgent Request for Judicial Intervention

If 11:15am (EST) works for everyone, the dial-in for the call is below

**Dial in by phone**
+1 646-453-4442,,627957065# United States, New York City