KIRKLAND & ELLIS LLP

AND AFFILIATED PARTNERSHIPS

Dale M. Cendali, P.C.
To Call Writer Directly:
+1 212 446 4846
dale.cendali@kirkland.com

601 Lexington Avenue
New York, NY 10022
United States
+1 212 446 4800
www.kirkland.com

Facsimile:
+1 212 446 4900

October 1, 2026

**VIA CM/ECF**
Hon. Valerie Figueredo
United States District Court
Southern District of New York

RE: *METAx LLC v. Meta Platforms, Inc.*, Case No. 1:22-cv-06125-LLS-VF—Motion to Seal Response to METAx LLC's September 28, 2026 Letter Motion

Dear Judge Figueredo:

Pursuant to Section 3(B) of the Court's Individual Practices in Civil Cases, Defendant Meta Platforms, Inc. ("MPI") respectfully submits this motion to file under seal exhibits to its response to METAx LLC's ("MX") September 28, 2026 letter motion seeking to reopen fact discovery and compel an additional deposition ("Response Letter"). Exhibits 2 (META_MTX_02277708) and 3 (META_MTX_02277709) to the Response Letter contain highly-confidential business information and are textbook examples of documents warranting sealing.

## I. LEGAL STANDARDS

Despite any "qualified First Amendment right of access to certain judicial documents," a document "may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006). Under *Lugosch*, courts employ "a three-step test for determining whether the presumption of public access is overcome," which includes: (1) "determin[ing] whether the documents are 'judicial documents' that are 'useful in the judicial process,'"; (2) "if the documents are judicial documents, . . . determin[ing] the 'weight' of the presumption of public access"; and (3) balancing the "'competing considerations against [the presumption of access],' including 'privacy interests of those resisting disclosure.'" *CRC Ins. Servs., Inc. v. Suh*, 2025 WL 560749, at *1 (S.D.N.Y. Feb. 19, 2025) (quoting *Lugosch*, 435 F.3d at 119–20).

If a document is not a "judicial document" then there is no presumed right of public access (steps two and three above are not required) and the document is "***subject to public access <u>only</u> 'absent a countervailing reason***.'"[1] *BAT LLC v. TD Bank, N.A.*, 2019 WL 13236131, at *8 (E.D.N.Y. Sept. 24, 2019), *objections overruled*, 2019 WL 13257498 (E.D.N.Y. Nov. 20, 2019); *see Kewazinga Corp. v. Google LLC*, 2024 WL 3442428, at *1 (S.D.N.Y. July 17, 2024) ("**The first question is whether the document is 'a judicial document subject to the [presumed] right of public access**,' meaning that the document is 'relevant to the performance of the judicial function and useful in the judicial process.' **The second step**, ***if the presumption attaches***, is to determine the weight of the presumption by assessing 'the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts.'") (quoting *Lugosch*, 435 F.3d at 119) (internal citations omitted); *CRC Ins. Servs.*,

[1] All emphasis added unless otherwise noted.

2025 WL 560749 at *1 (same); *Stern v. Cosby*, 529 F. Supp. 2d 417, 420 (S.D.N.Y. 2007) (same).

Importantly, as explained further below, **materials submitted in connection with a discovery motion are "not judicial documents"** subject to the presumption of public access. *Diversified Grp., Inc. v. Daugerdas*, 217 F.R.D. 152, 163 (S.D.N.Y. 2003) (citing *U.S. v. Gangi*, 1998 WL 226196, at *2 (S.D.N.Y. May 14, 1998) and stating "[m]aterials submitted to a court for its consideration of a discovery motion . . . are not subject to the public's right of access"). Thus, when such documents are the subject of a request to seal, courts are not required to undertake steps 2 and 3 of the *Lugosch* analysis. *Id.*

But, even if the entire three-step analysis is required for discovery documents, the weight of the presumption in favor of public access (step two) is low. The "weight" of any presumption of public access is determined by reference to "the role of the material at issue in the exercise of . . . judicial power and the resultant value of such information to those monitoring the federal courts." *CRC Ins. Servs.*, 2025 WL 560749 at *1. "Generally, the information will fall somewhere on a *continuum* from matters that directly affect an adjudication to matters that come within a court's purview solely to insure their irrelevance." *Id.* (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)) (emphasis in original). Where material supporting resolution of a discovery motion is at issue, as here, courts generally find the presumption of public access is "low." *Stern*, 529 F. Supp. 2d at 422 ("[E]ven if the transcript is filed for purposes of a motion to compel, the presumption that would attach to the transcript would be **low**."); *Alexander Interactive, Inc. v. Adorama, Inc.*, 2014 WL 4346174, at *2 (S.D.N.Y. Sept. 2, 2014) (finding "presumption in favor of public access is **weak**" in connection with a "mere[] . . . motion to compel further discovery from a party").

## II. SEALING OF EXHIBITS 2 AND 3 IS PROPER UNDER *LUGOSCH* AND ITS PROGENY.

As an initial matter, there is no presumption of public access to Exhibits 2 and 3 because they are not judicial documents. *Diversified*, 217 F.R.D. at 163 ("**[S]upporting documents relating to a discrete discovery issue**" are "***not judicial documents***."). Even if Exhibits 2 and 3 were judicial documents (they are not), any presumption of public access is low. Indeed, *PharmacyChecker.com*, involved an identical situation where a party was seeking to seal "proprietary, and sensitive information concerning [party's] operations and business strategies." *PharmacyChecker.com LLC v. Nat'l Ass'n of Boards of Pharmacy*, No. 19-CV-07577-KMK, 2022 WL 4956050, at *2 (S.D.N.Y. Aug. 26, 2022); *see also Stern*, 529 F. Supp. 2d at 422 (sealing deposition transcript and stating "the presumption of public access—if any—that attaches to the transcript [] is low, at best" since the court "would not be making any decision on the merits, but [] simply [] reviewing excerpts of the transcripts to resolve a discovery dispute"). So too here. The presumption of public access to Exhibits 2 and 3 is (at best) low because they are confidential operational and business documents submitted to aid the Court in its analysis of a discovery dispute (not any substantive motion).

Either way, MPI's countervailing interests far outweigh the "low" (*Stern*, 529 F. Supp. 2d at 422) or "weak" (*Diversified*, 217 F.R.D. at 159) presumption of public access here. Exhibits 2 and 3 provide information regarding MPI's highly confidential internal information relating to its business operations and organizational structure, including employee ID numbers for payroll, and costs centers to which those IDs relate, all of which are confidential, non-public and commercially sensitive information. The information sought to be sealed could provide valuable insight to MPI's

competitors regarding MPI's internal processes and management that could be used by those competitors to unfairly compete with MPI. Given the risks of competitive harm to MPI, MPI expends significant resources keeping this type of highly sensitive information confidential.

"[C]ourts have consistently found that confidential commercial information of a business—including confidential [] internal business documents and information about a business's operations[—]are the proper subject of sealing." *Rodo Inc. v. Guimaraes*, 2022 WL 17742392, at *1 (S.D.N.Y. Dec. 5, 2022); *see also PharmacyChecker*, 2022 WL 4956050 at *2 ("[C]ourts have consistently found that confidential commercial information of a business—including internal business documents and information about a business's operations are the proper subject of sealing."); *CRC Ins. Servs.*, 2025 WL 560749 at *2 (granting motion to seal where the sealing request was "narrowly tailored to prevent unauthorized dissemination of confidential business information, and the protection of that information outweighs the public's right to access"); Dkt. 109 at 2 (collecting cases confirming that courts in this Circuit routinely find that confidential business information, like here, is the proper subject of sealing). Indeed, courts consistently seal documents containing confidential information like Exhibits 2 and 3. *See, e.g.*, *PharmacyChecker.com*, 2022 WL 4956050 at *2 (sealing "proprietary, and sensitive information concerning [party's] operations and business strategies"); *Kewazinga*, 2024 WL 3442428 at *2 (holding "[n]onpublic business and legal information may be redacted" in a deposition transcript); *Robinson v. De Niro*, 2022 WL 274677, at *4 (S.D.N.Y. Jan. 26, 2022) (sealing highly sensitive deposition testimony). Accordingly, the substantial interests of MPI in maintaining as confidential its competitively sensitive business information outweigh the (at best) low presumption in favor of public access.

Finally, aside from the countervailing interests detailed above that justify sealing, MPI designated Exhibits 2 and 3 as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY under the parties' protective order. *See* Dkt. 57. This confirms that MPI's expectation is that the designated portions of Exhibits 2 and 3 will remain confidential. *Id.* Thus, the parties' protective order reinforces the conclusion that the sealing of Exhibits 2 and 3 is proper. *See, e.g.*, *Uni-Sys., LLC v. United States Tennis Ass'n, Inc.*, 2019 WL 3753780, at *5 (E.D.N.Y. Aug. 8, 2019) (considering the party's designation of a contract as "Highly Confidential" in determining whether to seal said contract); *see also Robinson*, 2022 WL 274677 at *4 ("It is also well established that the public has no right to access information obtained through discovery and that is subject to a protective order . . . .").

* * * *

In conclusion, Exhibits 2 and 3 to the Response Letter are properly sealed under *Lugosch*, as specific factual findings support sealing and this request is narrowly tailored.

Sincerely

Dale M. Cendali

Dale M. Cendali

**CC:** All counsel of record (via ECF)

**MEMO ENDORSED**

HON. VALERIE FIGUEREDO
UNITED STATES MAGISTRATE JUDGE

**Dated: October 5, 2026**

The motion to seal is **GRANTED**. Defendant has adequately explained why sealing is necessary to protect commercially sensitive information. The Clerk of Court is respectfully directed to close the motion at ECF No. 201.